MERIWETHER W. HUDSON v. FITZGERALD S. HUDSON

No. 32

(Filed 5 March 1980)

**1. Divorce and Alimony § 27— consent order as to child custody—action for support only**

An action did not remain an action for child custody and support, but became an action for child support only, where the court entered a consent order on the question of custody prior to trial and the issue of custody was not raised again.

Hudson v. Hudson

2. **Divorce and Alimony § 27— action for child custody or child custody and support—award of attorney fees—requirements of good faith and insufficient means**

   In a suit for child custody or child custody *and* support, the trial judge, pursuant to the first sentence of G.S. 50-13.6, has the discretion to award attorney fees to an interested party when that party is (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. Whether these statutory requirements have been met is a question of law reviewable on appeal, but when the statutory requirements have been met, the amount of attorney fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion.

3. **Divorce and Alimony § 27— child support action—award of attorney fees—requirements of good faith, insufficient means and refusal to provide support**

   An award of attorney fees in an action solely for child support requires findings of "good faith" and "insufficient means" pursuant to the first sentence of G.S. 50-13.6, and a finding "that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding" pursuant to the second sentence of that statute, and whether these requirements have been met is a quesiton of law reviewable on appeal.

4. **Divorce and Alimony § 20.3— action for alimony—award of attorney fees—requirements of entitlement to relief, dependency and insufficient means**

   In order to award attorney fees in an alimony case, G.S. 50-16.3 and G.S. 50-16.4 require the court to find that (1) the spouse seeking the fees is entitled to the relief demanded; (2) such spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. Whether these requirements have been met is a question of law reviewable on appeal, and if attorney fees may properly be awarded, the *amount* of the award rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion.

5. **Divorce and Alimony §§ 20.3, 27— action for alimony, child custody, support, or custody and support—award of attorney fees—requirement of insufficient means**

   Before attorney fees may be awarded in an alimony case to the dependent spouse under G.S. 50-16.3 and G.S. 50-16.4, and before attorney fees may be awarded to the interested party in a child custody, support, or custody and support suit under G.S. 50-13.6, such person must have insufficient means to defray the expense of the suit; that is, he or she must be unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit.

6. **Divorce and Alimony §§ 20.3, 27— action for alimony and child support—award of attorney fees—sufficient means to defray expenses**

   Plaintiff wife had sufficient means to defray the expense of this alimony and child support suit, and the trial court erred in ordering defendant husband to pay $22,000 in attorney fees incurred by plaintiff, where the evidence

showed that plaintiff owned marketable securities, real estate, stock in a close-ly held corporation and other investments worth $930,484; plaintiff had debts of $264,831, leaving a net estate of $665,652; plaintiff had a net income the previous year of $9,192; plaintiff had rental income from apartments of $48,000, most of which was used to amortize indebtedness against the apartments and to pay taxes and insurance thereon; when the parties separated, a corporation paid a note it owed plaintiff in the amount of $105,000; during the pendency of this suit, plaintiff invested $79,000 in a restaurant, loaned her son $3,000 to buy a car which he repaid, paid $3,000 for a horse, and spent $1,500 on a trip to a resort; and defendant husband owned marketable securities, stock in closely held corporations, real estate and other investments worth $747,553 and had an indebtedness of $254,612.

ON defendant-husband's petition for discretionary review pursuant to G.S. 7A-31 from the decision of the Court of Appeals, 42 N.C. App. 647, 257 S.E. 2d 448 (1979) (opinion by *Martin [Harry C.], J.* with *Parker* and *Erwin, JJ.* concurring), which affirmed the order of *Gantt, D.J.* awarding counsel fees to plaintiff-wife in this alimony and child support action.

On 12 February 1976, plaintiff brought this action for alimony without divorce, custody and support of the three children born of the marriage, and attorney's fees. Defendant answered and counterclaimed for divorce from bed and board. On 20 June 1976, the trial judge entered a consent order giving plaintiff custody of the children and giving defendant visitation privileges.

Subsequently, the parties entered into a stipulation that if the trial judge should find plaintiff to be a dependent spouse, then plaintiff was entitled to alimony. The trial judge heard the evidence and entered his order on 20 February 1978. He made findings of fact and concluded that plaintiff is a dependent spouse and that defendant is a supporting spouse. In the order, defendant's counterclaim for divorce from bed and board was dismissed and plaintiff was awarded alimony of $866.67 per month and child support of $150 per month per child (to be reduced to $50 per month during the months the children are in boarding school). Defendant was also ordered to pay all of the boarding school expenses plus $500 per year per child as a clothing allowance.

Plaintiff sought $66,000 in attorney's fees. In a separate order, also entered on 20 February 1978, the trial judge found that,

"[I]n February, 1976, he [defendant] reduced the amount of support being paid directly for the children to the amount of $834 per month. In February, 1977, he again reduced the amount of support being paid directly for the children to the amount of $375 per month and testified during the trial that the reason for the reduction was to require plaintiff to take legal action . . . .

[T]he Court finds that the amount being provided for their support was insufficient and inadequate under the circumstances existing at the time of the institution and prosecution of this action and that at all times the plaintiff was acting in good faith in the prosecution of this action and had insufficient means to defray the expense of the suit."

Defendant was ordered to pay $22,000 in attorney's fees incurred by plaintiff.

The defendant appealed only from the award of attorney's fees. The Court of Appeals affirmed the award and we allowed discretionary review on 4 December 1979.

Other facts pertinent to the decision of this case will be related and discussed in the opinion.

*Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd and Robert A. Wicker for defendant-appellant.*

*Haywood, Denny & Miller by George W. Miller, Jr., for plaintiff-appellee.*

COPELAND, Justice.

The sole issue presented in this appeal is when may attorney's fees properly be awarded in an alimony and child support case.

The award of attorney's fees in an alimony action is governed by G.S. 50-16.4. The award of attorney's fees in child custody and/or support actions is governed by G.S. 50-13.6.

G.S. 50-16.4 provides that:

"At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court

may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony."

G.S. 50-16.3(a) provides that:

"A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

> (1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

> (2) It shall appear that the dependent spouse *has not sufficient means* whereon to subsist during the prosecution or defense of the suit and *to defray the necessary expenses thereof.*" [Emphasis added.]

The relevant portion of G.S. 50-13.6 provides that:

"In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who *has insufficient means to defray the expense of the suit.* Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . ." [Emphasis added.]

The Court of Appeals relied solely on G.S. 50-13.6 in affirming the award of attorney's fees to the plaintiff. In doing so, it correctly noted that this Court held in *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975), that the first sentence of G.S. 50-13.6 as quoted above applies to (1) custody suits, (2) support suits, and (3) custody and support suits, and that the second sentence of the statute applies solely in a support only suit.

The Court of Appeals went on to characterize this action as one for child *custody and* support because the initiation of this action included a claim for custody. The Court of Appeals reasoned that this placed the custody and welfare of the children with the court and the consent order awarding plaintiff custody did not remove the jurisdiction of the court to protect the interests and welfare of the children citing *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963).

I

It is true that the trial courts have jurisdiction over the custody and support of children notwithstanding provisions on those issues in separation agreements and/or consent judgments. *Id.*; *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964) (trial court had jurisdiction even following a consent judgment regarding custody and the amount of child support payments to hear and decide husband's motion for a reduction in child support payments due to changed circumstances because neither agreements nor adjudications remove children from the protective supervision of the court); *see also, Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964) (court had jurisdiction to decide custody and amount of child support payments notwithstanding the existence of a separation agreement when the wife brought an action for divorce from bed and board, custody and support of the children, and attorney's fees because such an agreement does not remove children from the protective supervision of the court).

[1] The issue of custody was initially raised in this suit but was disposed of in a consent order *and was not raised again*. Custody was not at issue when the 1978 orders were entered and those orders did not deal with custody. They dealt with the issues of alimony and child support. Those are the issues for which plaintiff incurred virtually all of her attorney's fees that she now wants taxed to the defendant during the more than two years that this case was in the trial court.

However, even if the Court of Appeals had been correct in its characterization of this suit as one for custody and support, its holding based upon its interpretation of our decision in *Stanback* cannot stand because that interpretation is erroneous.

## II

We did not hold in *Stanback* that under the first sentence in G.S. 50-13.6, the award of attorney's fees is wholly discretionary requiring no findings of fact. The statute does not so read, *Stanback* does not so interpret the statute, and our decision in *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972), analyzed this same issue in an alimony, child custody and support action in which attorney's fees were sought under G.S. 50-16.3 and 16.4.

### A

The first sentence contained in G.S. 50-13.6 clearly states that "the court may in its discretion order payment of reasonable attorney's fees to an interested party *acting in good faith* who has *insufficient means to defray the expense of the suit*." [Emphasis added.]

### B

In *Stanback* we held that,

"Under G.S. 50-13.6 the grant of attorney's fees is within the sound discretion of the trial judge. When that discretion *has been properly exercised in accordance with statutory requirements*, the order must stand on appeal, *Rickert v. Rickert*, 282 N.C. 373, 193 S.E. 2d 79 (1972). Suffice it to say that defendant's uncontested affidavit, stating that due to a number of enumerated factors she was then without funds to meet the costs of preparing for the hearing, *sufficiently supports the trial court's finding that defendant did not have sufficient means to defray the expense of this litigation*." *Stanback v. Stanback, supra* at 462, 215 S.E. 2d at 40. [Emphasis added.]

### C

Additionally, we stated in *Rickert* with respect to G.S. 50-16.3 and 16.4, which we find to be equally applicable to G.S. 50-13.6, that:

"There is some language in our decisions which leaves the impression that the allowance of counsel fees and subsistence pendente lite lies solely within the discretion of the trial judge, and that such allowance is reviewable only upon a showing of an abuse of the judge's discretion. . . .

The correct rule, overwhelmingly approved by our Court, is that the facts required by the statutes must be alleged and proved to support an order for subsistence pendente lite. . . . Proper exercise of the trial judge's authority in granting alimony, alimony pendente lite, or counsel fees is a question of law, reviewable on appeal. . . .

. . . It is true that when subsistence pendente lite or counsel fees is allowed pursuant to the statutory requirements, the *amount* of the allowance is in the trial judge's discretion, and is reviewable only upon showing an abuse of his discretion. *Rickert v. Rickert, supra* at 378-79, 193 S.E. 2d at 82-83. [Citations omitted.] [Emphasis in original.]

### III

From the foregoing, we gather and set forth the following principles which should already be well recognized:

### A

[2] In a custody suit or a custody *and* support suit, the trial judge, pursuant to the first sentence in G.S. 50-13.6, has the discretion to award attorney's fees to an interested party when that party is (1) acting in good faith and (2) has insufficient means to defray the expense of the suit. The facts required by the statute must be alleged and proved to support an order for attorney's fees. *Rickert v. Rickert, supra; Stanback v. Stanback, supra.* Whether these statutory requirements have been met is a question of law, reviewable on appeal. *Rickert v. Rickert, supra.* When the statutory requirements have been met, the *amount* of attorney's fees to be awarded rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion. *Id.; Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975). Any cases to the contrary decided by the Court of Appeals are no longer authoritative on this issue.

### B

[3] When the action is *solely* one for support, all of the requirements set forth in part III A above apply *plus* the second sentence in G.S. 50-13.6 requires that there be an additional finding of fact "that the party ordered to furnish support has refused

to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding." G.S. 50-13.6; *Stanback v. Stanback, supra.* A finding of fact supported by competent evidence must be made on this issue in addition to meeting the requirements of "good faith" and "insufficient means" before attorney's fees may be awarded in a support suit. *Id.* This issue is a question of law, reviewable on appeal. *Id.; Rickert v. Rickert, supra.* Here, as in *Stanback,* such a finding of fact was made and we find that it is supported by competent evidence.

C

[4] The clear and unambiguous language of G.S. 50-16.3 and 16.4 requires that to receive attorney's fees in an alimony case it must be determined that (1) the spouse is entitled to the relief demanded; (2) the spouse is a dependent spouse; and (3) the dependent spouse has not sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof. *Rickert v. Rickert, supra.* The facts required by this statute must be alleged and proved to support an order for attorney's fees, whether these requirements have been met is a question of law that is reviewable on appeal, and if attorney's fees may be properly awarded, the *amount* of the award rests within the sound discretion of the trial judge and is reviewable on appeal only for abuse of discretion. *Id.*

IV

In *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5 (1968), it was held that the purpose of the allowance of attorney's fees pursuant to G.S. 50-16 in an alimony case is to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate counsel. G.S. 50-16 was subsequently repealed but the above requirement in *Schloss* was brought forward and preserved under G.S. 50-16.1 *et seq.* by our decision in *Rickert.* This same requirement was most recently applied by this Court in *Williams v. Williams,* 299 N.C. 174, 261 S.E. 2d 849 (1980), where the wife was found to be a dependent spouse entitled to alimony although she was not entitled to attorney's fees.

The statutory basis for this requirement is G.S. 50-16.3(a)(2) which states that to receive attorney's fees "[i]t shall appear that

the dependent spouse *has not sufficient means* whereon to subsist during the prosecution or defense of the suit and *to defray the necessary expenses thereof*." [Emphasis added.] If the dependent spouse is not able as litigant to meet the supporting spouse as litigant on substantially even terms because the dependent spouse is financially unable to employ adequate counsel, *Williams v. Williams, supra, Rickert v. Rickert, supra,* then by definition the dependent spouse "has not sufficient means . . . to defray the necessary [*legal*] expenses [of the suit]." G.S. 50-16.3(a)(2).

[5]   This requirement of insufficient means to defray the expense of the suit is found in almost verbatim language in the first sentence in G.S. 50-13.6 which applies to the award of attorney's fees in custody, *support*, and custody and support suits. Thus, before attorney's fees may be awarded in an alimony case to the dependent spouse under G.S. 50-16.3 and 16.4 and before attorney's fees may be awarded to the interested party in a custody, support, or custody and support suit under G.S. 50-13.6, that person must have insufficient means to defray the expense of the suit; that is, as interpreted by our cases, he or she must be unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit.

[6]   In the case *sub judice*, the trial judge made findings pursuant to G.S. 50-13.6 for a support suit. However, his finding that plaintiff had insufficient means to defray the expense of this suit is not supported by the evidence and therefore cannot stand. (The Court of Appeals did not discuss this finding as they erroneously held that the award was discretionary and thus, no findings were required).

The evidence reveals that at the time of the trial in this case, plaintiff owned marketable securities with a market value of $159,384, real estate worth $649,833, stock in a closely held corporation with a conservative value of $84,237 and other investments worth $37,030, for a total separate estate of $930,484. The plaintiff had debts totalling $264,831 leaving an estate of $665,652. In 1977, she had an income, free and clear of all expenses, of $9,192. Plaintiff had rental income from apartments that she owned of approximately $48,000. Most of that income was used to amortize indebtedness against the apartments and to pay the taxes and insurance thereon.

When the parties separated on or about 9 February 1976, Southern Realty & Agency Company (a corporation in which plaintiff owned 20 percent of the outstanding stock) paid a note it owed to plaintiff in the amount of $105,000. Also, during the pendency of this action at the trial level, plaintiff invested $79,000 in a restaurant, loaned her son $3,900 to buy a car which he repaid, paid $3,000 for a horse which defendant had agreed to pay for but did not, and spent $1,500 on a trip to a resort.

Defendant, at the time of the hearing in this case, owned marketable securities worth $102,603, stock in closely held corporations worth $300,000, real estate worth $307,500, and other investments worth $37,450 for a total estate of $747,553. Defendant's indebtedness was found to be $254,612.

In *Rickert*, the dependent spouse was not allowed to recover attorney's fees of $8,500 under G.S. 50-16.1 *et seq.* The dependent spouse had $141,362 in stocks and bonds and an annual income of $2,253 therefrom. The supporting spouse had stocks and bonds worth $677,637 and a net annual income of $17,657. On the basis of this evidence, it was held that the dependent spouse was able, as litigant, to employ adequate counsel to meet the supporting spouse, as litigant.

We reached the same conclusion in *Williams* (filed 1 February 1980) where the dependent spouse had a net worth of $761,975 and an annual gross income of $22,000. The supporting spouse had a net worth of $870,165 and an annual gross income of $116,660. On the basis of this evidence, attorney's fees of $6,000 were not allowed.

All of the evidence in the case *sub judice* reveals that plaintiff does not meet the statutory requirement of insufficient means to defray the expense of the suit. This requirement is a prerequisite to any award of attorney's fees in both G.S. 50-16.3(a) and G.S. 50-13.6. Therefore, plaintiff is not entitled to attorney's fees under either of these statutes.

We hold that plaintiff, pursuant to G.S. 50-16.3 and 16.4 and G.S. 50-13.6, had sufficient means to defray the expense of this suit and, as required by our decisions in *Rickert* and *Williams*, was able to employ adequate counsel to proceed, as litigant, to meet her spouse, as litigant.

In view of our holding, we do not deem it necessary to consider whether the amount of the award was unreasonable. The fee which plaintiff will pay her attorney is now a matter between them.

The decision of the Court of Appeals is Reversed and the order of the trial judge is Vacated.

Reversed.