MARSHA S. HAMILTON v. ROBERT CABOT HAMILTON

No. 8121DC783

(Filed 4 May 1982)

**Divorce and Alimony § 24.1— limited increase in child support—evidence supporting**

There was competent evidence to support the court's findings of fact as to the reasonable needs of the parties' minor child and to assume the court relied on this evidence in determining the child's needs were $950 per month rather than $1275 per month, and while the increase in child support payments from $300 to $400 per month seems low, the court apparently based its award on the amount of each parent's income over and above personal living expenses.

APPEAL by plaintiff from *Harrill, Judge.* Order entered 24 February 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 30 March 1982.

This action arose when plaintiff sought an increase in the amount of payments required of defendant for support of the parties' minor child. The trial court found sufficient change of circumstances to justify an increase of $100 monthly in the amount of child support paid by defendant. The court ordered defendant to increase child support payments from $300 to $400 per month, but held that defendant was not liable for past or future medical expenses of the child. Plaintiff appeals.

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, by B. Ervin Brown, II, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by W. Thompson Comerford, Jr. and Michael L. Robinson, for defendant appellee.*

ARNOLD, Judge.

Plaintiff first assigns error to the trial court's finding that the reasonable needs of the parties' minor child are only $950 per

month when plaintiff's sworn affidavit showed them to be $1,275 per month. While we cannot determine from the court's findings exactly how it arrived at the $950 figure, we find no abuse of discretion. The plaintiff's affidavit included a number of expenditures which the court could have found to be unnecessary to the welfare of the child. We hold, therefore, that there was competent evidence to support the court's finding of fact as to the reasonable needs of the child and assume the court relied on this evidence in making its determination.

As her second assignment of error, plaintiff submits that the trial court erred in requiring defendant to pay only $400 per month in child support. We agree with plaintiff that this figure seems extremely low in view of the relative incomes of the custodial and non-custodial parents. However, the court found that the living expenses submitted by defendant were reasonable and that the plaintiff's second husband was able to provide for her needs. Presumably, therefore, the court based its award on the amount of each parent's income over and above personal living expenses. We wish to stress that plaintiff's second husband is not legally responsible for the support of her child. However, since he apparently is supporting plaintiff, the court could reasonably have found that plaintiff was capable of contributing to the support of the child to the extent of her own income.

We note that plaintiff has set forth in her brief two possible formulas by which the amount of child support could be determined according to objective criteria. These formulas, based on guidelines appearing in professional publications, do not appear in the record and therefore cannot be considered on appeal. Nevertheless, the Court wishes to lend its approval to the employment of such guidelines by many trial courts and to encourage their use by others. A review of case law underscores the total lack of consistency in the amount of child support awarded by courts. Moreover, the route by which the court arrived at a particular award is too often impossible to fathom.

We concede that each domestic case is unique and that there must be an element of judicial discretion in setting the amount each parent should contribute to the support of his or her children. Such discretion, however, should not be unfettered. Employment of a standard formula such as one of those suggested

by plaintiff would take into account the needs and resources of the parents, as well as the needs of the children, and would result in fair apportionment of responsibility in the majority of cases. While many others might not fit neatly into the established guidelines, the formula would provide a starting point for negotiations or formulation of judicial remedies. In cases where the trial judge determines, in his discretion, that considerations of fairness dictate a substantial departure from the standard award, we would recommend strongly that the court set forth specific findings of fact in support thereof. This would provide appellate courts with something more than the skeletal findings and conclusions on which we often must base our review of support orders.

Plaintiff's final argument is that the trial court erred in concluding as a matter of law that the defendant was not responsible for medical expenses of the minor child. While the wording of the 1979 court order on which this conclusion is based could be subject to different interpretations, we find the court's conclusion reasonable in light of all the evidence.

Affirmed.

Judges CLARK and WEBB concur.