ELOISE BEST DARDEN v. WALTER ROSWELL DARDEN

No. 838DC118

(Filed 7 February 1984)

**1. Divorce and Alimony § 24.6— child support—sufficiency of evidence**

There was ample evidence to support a trial court's decision to order defendant to pay child support of $100.00 per month for each child where the evidence tended to show that, although defendant was unemployed, defendant had engaged in and is engaged in "running numbers" and gambling which produces an income as high as $1,000.00 to $2,000.00 per week; that defendant continues to make a living by illegal means; and that defendant, an able-bodied 38-year-old man, provided extremely well for his family prior to the parties' separation.

**2. Divorce and Alimony § 24.9— findings regarding defendant's living expenses— properly admitted**

In a proceeding for child support, the trial court properly omitted a finding regarding the amount of defendant's living expenses since defendant failed to present any evidence of such expenses.

**3. Divorce and Alimony § 27— child support—award of attorney's fees proper**

In light of the evidence regarding the legal services provided to plaintiff, the skill of counsel and defendant's income, there was no abuse of discretion in the trial court awarding attorney's fees to plaintiff in a child custody action.

APPEAL by defendant from *Ellis (Kenneth R.), Judge.* Order entered 22 September 1982 in District Court, LENOIR County. Heard in the Court of Appeals 12 January 1984.

Plaintiff instituted this action against defendant for alimony, divorce from bed and board, custody of the parties' three minor children, child support and attorney's fees. In his answer and counterclaim defendant alleged that plaintiff had committed adultery and prayed that relief be denied to her.

Prior to the 20 September 1982 hearing, plaintiff dismissed her claim for alimony. The trial judge, sitting without a jury, heard the evidence of both parties and awarded plaintiff custody, child support and attorney's fees. Defendant appeals and assigns error to the award of custody and attorney's fees.

*Morris, Rochelle & Duke, by Edwin M. Braswell, Jr., for plaintiff-appellee.*

*Beech & Jones, by Paul L. Jones, for defendant-appellant.*

ARNOLD, Judge.

[1]  Defendant first argues that the trial court erred in ordering him to pay child support of $100 per month for each child. He contends that there was no competent evidence to support the findings of fact and conclusions of law that this amount was necessary or that defendant had the ability to pay. The trial court made the following findings of fact which were supported by the evidence in the record:

> 5. The plaintiff is employed by the Lenoir County ABC Board and has a net income of $642.00 per month from said employment; that plaintiff earns additional income in the net amount of approximately $400.00 per month as a beautician in a shop at the family residence at 1905 Tower Hill Road, that the total net monthly income of the plaintiff is approximately $1,000.00.

> 6. The plaintiff has necessary and reasonable expenses of $400.00 per month in meeting her personal needs and the expenses attendant to earning her supplemental income as a beautician.

> 7. The defendant has reasonable and necessary expenses though the evidence did not disclose the amount thereof; though unemployed, defendant has engaged in and is engaged in "running numbers" and gambling which produces an income as high as $1,000-$2,000 per week; that though the defendant has maintained no steady employment since 1974, he and plaintiff have built, lived in and maintained an above-average standard of living in a house whose fair market value is approximately $60,000-$70,000; that defendant has provided well for his family and has "always had money and supported us well"; that he is an able-bodied thirty-eight year old man who lives with his parents; he has a drinking problem, but has always had sufficient money to provide his family material things and pay most, if not all, bills attendant to the family home and other expenses.

> 8. The evidence discloses defendant continues to make a living by illegal means; he paid plaintiff $300.00 as child support in June, 1982 and has $600.00 as of the date of this hearing though his testimony disclosed he has held no job since

1974 except for three weeks and one day in 1982 during which time he had net earnings of approximately $365.00.

9. The reasonable and necessary expenses of the three minor children born of the marriage of the parties are at least $600.00 per month, $200.00 per month per child; that plaintiff through her employment provides medical insurance coverage for the entire family; that the plaintiff and the minor children have lived in the family home at 1905 Tower Hill Road since 1971 except when living in the State of New York, but have been evicted from the premises because title to said property is vested in Isaac Darden, defendant's father; said eviction is currently being appealed; that if plaintiff and the minor children are required to vacate the premises known as 1905 Tower Hill Road, a substantial portion, if not all, of the plaintiff's supplemental income will be lost because the beauty shop she operates is on said premises in a garage renovated specifically for her vocation.

Based upon these findings of fact the trial court concluded:

3. That the sum of $100.00 per month per child as child support from the defendant to the plaintiff is necessary to meet the reasonable needs of the minor children for their health, education and maintenance considering the relative abilities of the parties to provide support.

Obviously the court did not believe defendant's testimony that he had stopped gambling and "running numbers" as of May 1982, and the record supports this belief. At the hearing defendant admitted that he presently had $600 which he won gambling. "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." *Coble v. Coble*, 300 N.C. 708, 712-713, 268 S.E. 2d 185, 189 (1980).

Defendant's argument, that the award of child support is unfair because he is not employed in a legitimate profession, defies this Court's sense of justice and fair play. Our primary consideration here is the welfare of the parties' children. The evidence shows that defendant, an able-bodied 38-year-old man, provided extremely well for his family prior to the parties' separation; and

that he performed this duty by gambling. This Court is certainly not condoning defendant's illegitimate profession by affirming the order that any income therefrom be used for child support, but is merely recognizing the welfare of the children as its primary consideration.

Defendant further argues that the order of child support should be vacated and remanded because the court failed to make findings regarding defendant's living expenses and net income, the relative abilities of the parties to provide support and the actual past expenditures for the children. None of these allegations is substantiated by the record.

[2] A finding regarding the amount of defendant's living expenses was properly omitted, since defendant failed to present any evidence of such expenses. We believe under the circumstances here that once plaintiff presented evidence of defendant's income, defendant then had the duty to come forward with evidence of his expenses. The parties have lived apart since 9 May 1982, and plaintiff should not have to guess at defendant's expenses. Moreover, there is uncontradicted evidence that defendant is continuing to earn income by gambling while living with his parents and incurring few, if any, expenses.

Defendant's argument that the trial court failed to make findings regarding defendant's net income and the past expenditures for the children is refuted by the record. The court made a finding regarding net income from defendant's three weeks of employment in 1982. Defendant failed to show that he paid taxes on his income from gambling. The court also heard evidence of the expenses of the three children and made a finding based upon this evidence. The findings of fact show that the court properly considered the relative abilities of the parties to provide support. These findings of fact further support the conclusion of law that defendant is liable for 1/2 of each child's necessary expenses, and, in turn, this conclusion of law supports the order of child support.

[3] Defendant's remaining argument goes to the award of attorney's fees to plaintiff. Defendant argues that this award was impermissible for two reasons: 1. The trial court failed to make the requisite findings set out in G.S. 50-13.6. 2. There was no evidence "as to the scope and nature of the legal services

rendered, the time and skill required, nor any finding or conclusion on that score."

As required by G.S. 50-13.6, the trial court found that plaintiff was an interested party acting in good faith in bringing the action; and that she was without sufficient funds to fully defray the expenses of her suit. The court further found:

> 11. . . . that plaintiff's attorney, Vernon H. Rochelle, Esquire, has rendered necessary and valuable legal services as evidenced by the attached affidavit which is incorporated into this order as a finding of fact by reference the same as if fully set out herein; said legal services are reasonably worth at least $_____.

In the attached affidavit counsel for plaintiff swore that he has been engaged in the practice of law since 1965; that during this time he has been actively engaged in the practice of domestic law and that he is qualified to represent parties in such matters. He then listed his services, giving their scope and nature.

Although the trial court failed to give a monetary figure for the reasonable worth of counsel's services, finding of fact No. 11 and counsel's affidavit constitute sufficient evidence to support the award to plaintiff of a portion of her attorney's fees. The amount of the award rests within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *See Hudson v. Hudson,* 299 N.C. 465, 263 S.E. 2d 719 (1980). Defendant was ordered to pay attorney's fees of $450 for 13.25 hours of legal work. This amounts to approximately $35 per hour. In light of the evidence regarding the legal services provided to plaintiff, the skill of counsel and defendant's income, we find no abuse of discretion in this award.

The order awarding plaintiff child support, custody and attorney's fees is

Affirmed.

Judges JOHNSON and PHILLIPS concur.