RONALD L. GIBSON v. KATHLEEN W. GIBSON

No. 8326DC302

(Filed 5 June 1984)

1. Divorce and Alimony § 24.9— child support amount properly determined and established

    The amount of child support was properly determined and established by the trial court, and there was no merit to defendant's contentions that the monthly child support expenses were not supported by the evidence; that one-third of the total fixed expense was erroneous because it failed to account for a substantial amount of visitation that plaintiff had with the minor child; that the needs and expenses of defendant and minor child were not supported by the evidence; that defendant's expenses were unreasonable; that plaintiff's income and ability to pay child support were not properly determined; and that the trial court failed to consider the substantial visitation privileges plaintiff had.

2. Divorce and Alimony § 27— award of attorney's fees to defendant unsupported

    In an action for child *support*, the trial court failed to make certain findings required by G.S. 50-13.6 to support the award of attorney's fees. The trial court failed to find that plaintiff refused to provide adequate support under the circumstances existing at the time the action was instituted, and such a finding was required in order to award attorney's fees in this case.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 18 October 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 February 1984.

This appeal arose from a judgment entered in an action for child support and child custody. The judgment appealed from directed plaintiff to pay to defendant certain sums for child support and counsel fees.

Plaintiff husband and defendant wife were married on 1 January 1977. One child was born of the marriage on 31 January 1980. On 2 June 1981, the parties separated. In a separate action, judgment of divorce was entered on 3 September 1982. On 2 December 1981, plaintiff filed an action in which he requested that the court vest custody of the minor child in defendant and allow plaintiff liberal visitation privileges. In the same action, plaintiff requested the court to determine the financial needs of the child and establish an appropriate amount of child support to be paid by the parties. Defendant did not file an answer.

On 6 May 1982, the District Court (Saunders, Judge) entered an order vesting custody of the child in defendant mother and setting up a visitation schedule. On 25 June 1982, a notice of hearing was filed in which plaintiff was informed that defendant had filed a claim for the establishment of child support in accordance with plaintiff's complaint. On 15 September 1982, defendant filed the following motion:

> COMES NOW the defendant, KATHLEEN W. GIBSON, by and through the undersigned counsel, and pursuant to Rule 7 and G.S. 50-13.6 for an Order taxing her counsel fees against the plaintiff, and as grounds for said Motion, shows unto the Court that this is an action or proceeding for the custody of the minor child, that she is an interested party acting in good faith who has insufficient means to defray the expense of the suit, and that the plaintiff has refused to provide support which is adequate under the circumstances existing at the time of the institution of this action or proceeding.

The hearing on defendant's claim for child support and her motion seeking an award of counsel fees was held on 15, 16 and 17 September at a non-jury term of District Court.

On 18 October 1982, the court entered an order in which it made findings of fact regarding the income and expenses of the parties and the financial needs of the child. The court concluded (1) that the parties' personal expenses were reasonable, (2) that the defendant required financial assistance from plaintiff to cover the expenses of the minor child, (3) that the amount of support was

> reasonable and necessary and fair to all parties and meets the reasonable needs of the child for his health, education and maintenance having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party and of the facts of this particular case.

and (4) that the plaintiff has the means and ability to pay the child support awarded. Based on these findings and conclusions, the court directed plaintiff to pay child support of $475.00 per month.

Regarding defendant's motions for an award of counsel fees, the court made the following pertinent findings of fact:

30. That the defendant's attorney has rendered to her valuable services, said services covering the period June 15, 1982 through September 17, 1982.

31. That the total time expended by defendant's counsel excluding the time spent by a paralegal and with regard to all aspects of this matter including custody is in excess of 23 hours.

32. That the Court cannot determine from the evidence the exact amount of time spent in the defendant's child support claim alone but does find from the evidence that said representation consists of not less than 15 hours.

33. That the value of said services is not less than $1,500.00.

34. That the defendant has paid to her counsel previously the sum of $1,000.00 in regard to this representation.

. . .

37. That the defendant is an interested party (being the mother of the child involved in a child support hearing) and is acting *in good faith.*

. . .

40. That the defendant does not have sufficient income or assets to defray legal expenses.

Based on these findings, the court concluded that defendant was entitled to partial counsel fees of $500.00, the amount of the unpaid balance, to be paid by plaintiff. From the entry of the judgment, plaintiff appealed.

*Tucker, Hicks, Sentelle, Moon and Hodge, by Fred A. Hicks, for plaintiff appellant.*

*Kennedy, Covington, Lobdell and Hickman, by Richard D. Stephens, for defendant appellee.*

EAGLES, Judge.

In this appeal, plaintiff makes several arguments which present two questions for our consideration: (1) whether the amount of child support was properly determined and established by the trial court and (2) whether it was proper for the trial court to award attorney's fees to defendant.

I

[1]　With respect to the first question, plaintiff makes several contentions. Plaintiff first contends that the trial court's judgment directing him to pay $475.00 per month in child support is not supported by the conclusions of law, that the conclusions are not supported by the findings of fact and that the findings of fact are not supported by the evidence. In *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980), a child support case, our Supreme Court considered the role of the trial court as finder of fact generally and with regard to child support cases specifically. Speaking through Justice Exum, the Court said:

> Where, as here, the trial court sits without a jury, the judge is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." [Citations omitted.] The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law. . . .
>
> . . .
>
> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions, conclusions must support the judgment. . . .

*Id.* at 712, 714, 268 S.E. 2d at 188-90.

a.

Specifically, plaintiff first contends that the finding that defendant's monthly child support expenses totalled $655.10 per

month is not supported by the evidence. We disagree. In reaching this total, the court found the fixed expenses of the minor child to be $298.33 per month, or one-third of the $895.01 that it found to be the total fixed expense of the defendant and the minor child together. Plaintiff argues that it was error for the court to use this "arbitrary" figure when there was evidence of specific figures for some of those expenses. For the same reason, plaintiff argues that the court erred in finding that "the exact percentage of each fixed expense which can be apportioned to the support of this child cannot be determined on a 'line item' basis from the evidence in this record."

The evidence relied on by plaintiff in support of these contentions is defendant's testimony that some items of fixed expense would probably be reduced if the child were not living with her. A review of the transcript shows that this testimony was conjecture, not based on actual experience. The trial court was not obliged to believe or accept it. Furthermore, plaintiff presented no evidence as to the fixed expenses of the minor child on which the court could have based other findings.

On the other hand, the court noted that the findings it made as to fixed expenditures were based on actual past expenditures. These findings are supported by defendant's Affidavit of Financial Status and past records that were part of defendant's exhibits at the hearing. We note further that the figures found by the court reflect reductions in some items of expense listed on defendant's Affidavit of Financial Status.

b.

Plaintiff also contends that the court's use of the figure of one-third of the total fixed expenses was erroneous because it fails to account for the substantial amount of visitation that plaintiff has with the minor child. Plaintiff argues that this substantial visitation relieves defendant of some of the fixed expenses of the child. This Court considered and rejected a similar argument in *Evans v. Craddock*, 61 N.C. App. 438, 300 S.E. 2d 908 (1983). There we held that whether credit was allowed for time spent in visitation with the non-custodial parent depended on the facts of the particular case and was a matter within the court's discretion. *See also Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981). The fact that a child spends a certain amount of time with one

parent does not necessarily mean, as plaintiff would have us assume, that his reasonable and necessary living expenses are incurred proportionally.

Also in *Evans v. Craddock, supra,* we held that a formula that used one-third of the custodial parent's total expense to establish the reasonable needs of the child was unfair and impermissible where the total figure included the expenses of the custodial parent's new husband. We also noted in that case that the trial court had made no findings as to the reasonableness of the custodial parent's living expense figures. Here, the expense figures in defendant's Affidavit of Financial Status included expenses only for herself and the child—defendant not having remarried. Furthermore, the trial court not only found that defendant's living expenses were reasonable, but reduced several of the figures on the Affidavit before making that finding.

With the exception of the amount of scheduled visitation, plaintiff has presented no evidence on which the court could have based other findings regarding the child's expenses and needs. We note also that there is no allegation or proof that plaintiff used all of his scheduled visitation time. To the extent that there is conflicting evidence regarding the fixed expenses of the minor child, the trial court, sitting as the finder of fact, resolved the conflict and found facts accordingly. Plaintiff has failed to show either how the fixed expenses of the child, as found by the court, are not supported by the evidence or how the court's use of one-third of the total fixed expenses of defendant and the child to establish that figure was arbitrary or unfair. Plaintiff's contentions in this regard are without merit.

c.

Plaintiff next contends that the court's findings as to the needs and expenses of defendant and the minor child are not supported by the evidence. We disagree. Defendant's Affidavit of Financial Status not only provides ample evidentiary support for the findings regarding the fixed expenses of defendant and the child, as noted above, but also supports the findings regarding individual needs and expenses. Plaintiff nevertheless argues that, because *his* analysis of defendant's check records does not support the court's findings regarding defendant's average monthly living expenses, that those findings lack evidentiary support. This

argument is based on the assumption, for which there is no support in the record, that defendant pays for everything with a check or charge card. The argument also ignores defendant's record testimony that she had been living with relatives, had used funds from her savings account, had sold some of her assets and had borrowed money from her father. Plaintiff's contention in this regard lacks merit.

### d.  .

Plaintiff next contends that the court's conclusion that defendant's expenses are reasonable under the circumstances is not supported by proper findings. Plaintiff has favored us with no argument, other than his bare allegation, in support of this contention. Accordingly, we find this contention to be without merit and overrule the related exceptions and assignment of error.

### e.

Plaintiff next contends that the court's conclusion regarding his income and ability to pay the child support awarded are not based on findings that indicate that the court took "due regard" of the factors enumerated in *Coble v. Coble, supra*, and held in that case to be required by G.S. 50-13.4(c). We disagree.

As we pointed out above, the trial court made extensive findings regarding the incomes, assets, and expenses of both parties and the minor child. Likewise, also as noted above, those findings are amply supported by the record evidence. The trial court concluded, based on its findings, that the amount of support ordered was both reasonable and necessary under the circumstances. The court also concluded, based on its findings, that the plaintiff had the means and ability to pay the child support awarded. It is well established that the amount of child support determined to be appropriate is a matter that is within the discretion of the trial court. *Coble v. Coble, supra; Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976). Plaintiff has failed to establish how the court's conclusions regarding the appropriateness of the amount of child support awarded and his ability to pay it are in any way improperly drawn from the findings of fact. We do not find the amount to be *per se* unreasonable in light of the circumstances apparent to us and plaintiff has failed to demonstrate how the court abused its

discretion. Absent such a showing, the award of the trial court may not be disturbed by us. *Beall v. Beall, supra; Evans v. Craddock, supra.* Plaintiff's contention that the child support awarded was unreasonable or unfair is without merit.

### f.

Plaintiff next contends that the trial court erroneously failed to consider his substantial visitation privileges in determining the amount of child support that he should pay. Plaintiff couples this argument with a formula which he claims the court should have used to determine the appropriate amount of support to be paid by each party. This formula allocates support for the minor based on the percentage of its life that the child spends with each parent. A similar argument based on the same underlying theory was considered and rejected above. For reasons already stated, we reject this argument. Further, we are aware that our courts have approved the use of formulae to aid in the appropriate disposition of child support cases. *Hamilton v. Hamilton,* 57 N.C. App. 182, 290 S.E. 2d 780 (1982). Cases where the use of a formula is most strongly encouraged are those where "considerations of fairness dictate a substantial departure from the standard award." *Id.* at 184, 290 S.E. 2d at 781. However, the use of a formula is not mandatory and, in any event, the court would not be obliged to use the one suggested by plaintiff. Absent a showing that the court abused its discretion, we may not disturb the trial court's award. *Beall v. Beall, supra; Hamilton v. Hamilton, supra.* Plaintiff's contention is without merit.

### II

[2] The second question before us involves the award of attorney's fees to defendant. Plaintiff contends that the present action is one for *support* only and that the court failed to make certain findings required by statute to support the award of attorney's fees. We agree with the plaintiff.

G.S. 50-13.6 provides in pertinent part:

Counsel fees in actions for custody and support of minor children.—In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion

order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; . . . .

The complaint in this matter puts the issues of custody and support before the court. Defendant contends therefore that the action is one for custody and support within the meaning of the statute. However, considering a similar situation in the case of *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980), the Supreme Court reversed our holding to that effect. In so doing, the Supreme Court held that where the issue of custody has been settled and is not at issue when the trial court enters subsequent orders dealing only with child support, the action is one for *support only.*

The present case differs from *Hudson* in that the issue of custody had been settled in *Hudson* by a consent order entered twenty months prior to the order concerning the child support while here the issue of custody, though uncontested, was settled by the judgment of the court some five months prior to the entry of the child support judgment. What appears to be important, however, is not how the custody issue was settled or when but that it was settled and was not at issue when the judgment concerning support was entered.

Where the action is one for custody or custody and support, the first sentence of G.S. 50-13.6 applies and the court may award attorney's fees to an interested party if it finds (1) that the party acted in good faith and (2) that the party lacks the means to defray the expense of the suit. Where the action is solely one for support, *Hudson* holds that attorney's fees may be awarded provided the court finds in addition "that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of institution of the action or proceeding." G.S. 50-13.6; *Hudson v. Hudson, supra* at 472-73, 263 S.E. 2d at 724.

Here the court characterizes the action as one for custody and support. Accordingly, its award of counsel fees is based on

findings that defendant acted in good faith and lacked the means to defray the expense of the action. Under the principles set forth in *Hudson, supra*, however, this action is one for support only and the additional finding requirement of G.S. 50-13.6 is thereby invoked. Our examination of the judgment discloses that the trial court did not find that plaintiff has refused to provide adequate support under the circumstances existing at the time the action was initiated. Such a finding is required in order to award attorney's fees in this case. Its absence compels us to vacate the award of attorney's fees and remand this case for additional findings as required by G.S. 50-13.6. We note incidentally that the expenses on which the award of counsel fees was based appear to relate solely to defendant's child support claim.

Plaintiff next argues that the evidence is insufficient to support findings and conclusions justifying the award of attorney's fees to defendant. Because we have vacated that award and remanded the case for additional findings, we need not address that argument.

That part of the judgment directing the payment of child support by plaintiff is affirmed.

That part of the judgment awarding attorney's fees to defendant is vacated and the case is remanded for further proceedings in accordance with this opinion.

Affirmed in part, vacated and remanded in part.

Judges HEDRICK and HILL concur.