SHIRLEY T. FORBES v. BEN W. FORBES, JR.

No. 8411DC415

(Filed 5 February 1985)

**Divorce and Alimony § 27— child custody and support contested—authority of court to award counsel fees**

Where both child custody and support were contested, and the trial court found that plaintiff was an interested party who had acted in good faith but was without sufficient means to defray the costs and expenses of the action, the trial court erred in holding that it could not order defendant to pay counsel fees.

APPEAL by plaintiff from *Pridgen, Judge.* Judgment entered 22 February 1984 in District Court, LEE County. Heard in the Court of Appeals 14 January 1985.

The parties to this action were married but have been divorced. The plaintiff brought this action for custody and support of their minor child. The defendant contested the custody and support. On 26 January 1984 the Court entered an order giving custody of the child to the plaintiff. In an order filed 22 February 1984 the Court ordered the defendant to pay child support. In its order for child support the Court found that "Plaintiff is an interested party who has acted in good faith . . . but without sufficient means to defray the costs and expenses hereof." The Court also found that the plaintiff was not entitled to past support of the child and was not entitled to recover her counsel fees.

The plaintiff appealed the court's refusal to allow her counsel's fee.

*J. Douglas Moretz, P.A., by Michael L. Stephenson, for plaintiff appellant.*

*No brief for defendant appellee.*

WEBB, Judge.

G.S. 50-13.6 provides that attorney fees may be awarded in a child custody or support action "to an interested party acting in good faith who has insufficient means to defray the expense of the suit." The statute provides that in a support action the Court must also find before ordering payment of a counsel fee "that the

party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action." This provision does not apply to this action because it is one for both custody and support. It was error for the Court to hold it could not order the defendant to pay counsel fees.

We do not believe this case is inconsistent with *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980) or *Gibson v. Gibson*, 68 N.C. App. 566, 316 S.E. 2d 99 (1984). In both those cases a spouse had asked for custody and support. In each case the custody was determined prior to the decision as to support and was not at issue when the matter of support was contested. No attorney fees were allowed in those cases because there was not a showing that the supporting party had refused to provide adequate support at the time the action for support was filed. In this case both custody and support were contested. The plaintiff was not deprived of the right to have attorney fees because the order for custody was entered before the order for support.

Reversed and remanded.

Judges EAGLES and COZORT concur.