IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-568

Filed 07 March 2023

Mecklenburg County, No. 20 CVD 10628

RANDALL LIMERICK, Plaintiff,

v.

CLAUDIA ROJO-LIMERICK, Defendant.

Appeal by Defendant from Order entered 9 December 2021 by Judge Tracy Hewett in Mecklenburg County District Court. Heard in the Court of Appeals 16 November 2022.

*Randall Limerick, plaintiff-appellee, pro se.*

*Fleet Law, PLLC, by Jennifer L. Fleet, for defendant-appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Claudia Rojo-Limerick (Defendant) appeals from the trial court's Order for Permanent Child Support and Attorney's Fees. Specifically, Defendant only challenges the award of $5,189.00 in attorney's fees to Randall Limerick (Plaintiff). We, therefore, limit our analysis to the attorney's fees issue and affirm the portion of the trial court's Order relating to the award of child support. However, our prior case law compels to us to conclude that, at the time of trial, this matter was solely an action for child support, and the trial court did not make the statutorily required

findings under N.C. Gen. Stat. § 50-13.6 to support an award of attorney's fees when an action is solely for child support. Indeed, under the plain language of Section 50-13.6, because the action was one solely for child support and Plaintiff was the party ordered to pay support, the trial court could not award attorney's fees to Plaintiff, notwithstanding findings of fact that: (I) Plaintiff was a party acting in good faith and does not have sufficient means to pursue the action; (II) Plaintiff has paid reasonable child support since separation; and (III) Defendant unnecessarily increased Plaintiff's attorney's fees by her actions. As such, we are constrained by our precedent to reverse the trial court's award of attorney's fees to Plaintiff in this case.

Relevant to this appeal, the Record reflects the following:

On 17 August 2020, Plaintiff filed a Complaint for divorce from bed and board, child custody, child support, and attorney's fees in Mecklenburg County District Court. Defendant filed a Motion to Dismiss and Answer on 12 November 2020. Defendant further asserted counterclaims seeking custody of the parties' minor children, child support, equitable distribution of marital property, alimony, and attorney's fees. On 12 January 2021, Plaintiff filed a Reply to Defendant's counterclaims, including a Motion for Interim Distribution.

On 25 January 2021, Defendant filed a Notice of Voluntary Dismissal "without prejudice of [Defendant's] counterclaims for equitable distribution, post separation support, alimony, and attorney['s] fees in this case as to [Plaintiff]." This voluntary dismissal expressly provided Defendant's counterclaims for child custody and child

support remained open. Subsequently, on 27 January 2021, Plaintiff also filed a Notice of Voluntary Dismissal "without prejudice, of his claim[s] for Divorce from Bed and Board, Equitable Distribution, Motion for Interim Distribution, and Attorney Fee's [sic] due to the parties entering into a Separation Agreement that resolves those issues." Plaintiff's Notice of Voluntary Dismissal also expressly provided claims for child custody and child support remained open. On 15 February 2021, the trial court entered a Consent Order for Permanent Child Custody, Temporary Child Support, and Attorney's Fees.

The case came on for hearing in the Mecklenburg County District Court on 1 November 2021 on the parties' sole remaining claims for child support. On 9 December 2021, the trial court entered its Order. In relevant part, the trial court found:

> 24. Defendant's Motion for attorney's fees is denied.
>
> 25. Plaintiff's Motion for Attorney's Fees is granted because he has paid reasonable child support since separation and Defendant unnecessarily increased Plaintiff's attorney[']s fees by her actions.
>
> 26. Plaintiff is an interested party, acting in good faith who does not have sufficient means to pursue this action.
>
> 27. Defendant has received $20,000 from her parents, which was not shown to be loans.
>
> 28. In addition, Defendant received $4,200.00 for COVID Relief whereas Plaintiff only receiv[e]d $200.00.
>
> 29. Therefore, Defendant has the means to defray her attorney's fees costs and pay $5,189.00 of Plaintiff's attorney fees.

Based on these Findings of Fact, the trial court made, in part, the following Conclusion of Law: "Defendant's Motion for Attorney's Fees is denied and Plaintiff's Motion for Attorney's Fees is granted." The trial court ordered Defendant to pay Plaintiff $5,189.00 in Attorney's Fees. The trial court also ordered Plaintiff to pay $1,260.70 per month in child support to Defendant and $651.00 for the child's before and after school care costs. On 7 January 2022, Defendant timely filed written Notice of Appeal.

## Issue

The dispositive issue on appeal is whether the trial court erred in awarding Plaintiff Attorney's Fees related to the child support claim without making findings of fact required by N.C. Gen. Stat. § 50-13.6 governing awards of attorney's fees in child support actions.

## Analysis

"The recovery of attorney's fees is a right created by statute. A party can recover attorney's fees only if such a recovery is expressly authorized by statute." *Burr v. Burr*, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (citation and quotation marks omitted). The question of whether statutory requirements have been met for an award of attorney's fees is a question of law reviewable de novo. *Hudson v. Hudson*, 299 N.C. 465, 472-73, 263 S.E.2d 719, 724 (1980). The trial court in this case did not specify the statutory basis upon which it was awarding fees.

However, the only request for fees by Plaintiff relied on N.C. Gen. Stat. § 50-13.6.  It is also apparent from the nature of the trial court's findings that it intended to draw from this statutory authority for its award of fees.

N.C. Gen. Stat. § 50-13.6 governs the award of counsel fees in both child custody and child support actions.  The statute provides:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.  Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

N.C. Gen. Stat. § 50-13.6 (2021).

Our Courts have interpreted N.C. Gen. Stat. § 50-13.6 as differentiating an action or proceeding for child custody or custody and support from an action that is *solely* one for child support.  Specifically, when an action is one for child custody or custody *and* support, a trial court need only find the party awarded fees be an interested party acting in good faith who has insufficient means to defray the expense of the suit.  *Hudson*, 299 N.C. at 472, 263 S.E.2d at 723.  On the other hand, when the action is one *solely* for child support, prior to making an award of fees, a trial

court is required to make the additional finding: "the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding." *Id.* at 472-73, 263 S.E.2d at 724 (citations and quotation marks omitted).

Our Courts have concluded the determination of whether an action is one for custody and support or one solely for support is based on what issues were pending before the trial court when the case was called for trial. *See, e.g., Taylor v. Taylor*, 343 N.C. 50, 54, 468 S.E.2d 33, 35 (1996) ("The instant action is properly characterized as one for 'custody and support' because both the custody and support actions were before the trial court [at] the times the case was called for trial."). This is so even if the action or proceeding as originally filed included contested claims for both custody and support. *See Gibson v. Gibson*, 68 N.C. App. 566, 574, 316 S.E.2d 99, 104-05 (1984).

Indeed, an action is one solely for support in instances where the issue of custody was settled or resolved by consent prior to the matter being called for trial. *Id.* Thus, for example, in *Hudson*, our Supreme Court—in reversing this Court—concluded an action was one solely for support by the time the case was tried when "[t]he issue of custody was initially raised in this suit but was disposed of in a consent order and was not raised again." *Hudson*, 299 N.C. at 470, 263 S.E.2d at 722 (emphasis omitted). Similarly, this Court in *Gibson* determined a matter was one solely for child support where "the issue of custody, though uncontested, was settled

by the judgment of the court some five months prior to the entry of the child support judgment." *Gibson*, 68 N.C. App. at 574, 316 S.E.2d at 105.

On the other hand, an action retains its character as one for custody and support where both of those issues are pending at trial—even if the parties quickly resolve the custody issue prior to judgment. *See Spicer v. Spicer*, 168 N.C. App. 283, 297, 607 S.E.2d 678, 687-88 (2005) ("In this case, the record shows that the custody issue had not yet been resolved when the support hearing began. The case was, therefore, one for both custody and support."). For example, this Court in *Forbes v. Forbes* determined that the action in that case was one for both custody and support and expressly distinguished its decision from both *Hudson* and *Gibson* observing: "In both those cases a spouse had asked for custody and support. In each case the custody was determined prior to the decision as to support and was not at issue when the matter of support was contested." 72 N.C. App. 684, 685, 325 S.E.2d 272, 273 (1985); *see also Taylor*, 343 N.C. at 54, 468 S.E.2d at 35 ("The instant action is properly characterized as one for 'custody and support' because both the custody and support actions were before the trial court [at] the times the case was called for trial. This is so despite the fact that the parties 'quickly settled' the issue of custody." (citations and quotation marks omitted)); *Lawrence v. Tise*, 107 N.C. App. 140, 153, 419 S.E.2d 176, 184 (1992) ("The instant action is properly characterized as one for 'custody and support' because both the custody and support actions were before the trial court [at] the time the case was called for trial. This is so despite the fact that the parties

'quickly settled' the issue of custody." (citation omitted)); *Theokas v. Theokas*, 97 N.C. App. 626, 630, 389 S.E.2d 278, 280 (1990) ("Even though the custody issue may have been 'resolved in basically 15 minutes' at trial, as defendant's counsel stated during the hearing on attorney's fees, it nevertheless was an issue and the proceeding is therefore one which addressed both custody and support."); *cf. Loosvelt v. Brown*, 235 N.C. App. 88, 109, 760 S.E.2d 351, 364 (2014) ("Although plaintiff and defendant may have believed and acted as though they had resolved the custody claims before entry of the order, custody was still at issue when the case was called for hearing and was not addressed by the trial court until its final order which also addresses child support.").

In this case, the Record reflects the parties resolved the issue of child custody by Consent Order entered 15 February 2021 prior to the support trial. The child support trial began on 1 November 2021, and the trial court entered its Order on 9 December 2021. Thus, at the time of trial, this matter was solely a child support action.

As such, the trial court was required to make the additional finding "the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding[.]" *See* N.C. Gen. Stat. § 50-13.6 (2021). Here, the trial court did not make this finding. Indeed, the trial court expressly found Plaintiff—the party ordered to furnish support—"has paid reasonable child support since separation[.]" Moreover, the trial

court did not—and on the facts of this case, clearly would not—find Plaintiff as the supporting party "initiated a frivolous action or proceeding" which would otherwise justify an award of fees to an interested party under the language of the statute. *See id.*

Thus, the trial court did not make the findings required by N.C. Gen. Stat. § 50-13.6 to award attorney's fees when—by the time of trial—this was solely an action for child support. Therefore, the trial court did not have statutory authority to make an award of attorney's fees in this case. Consequently, the trial court erred in awarding Plaintiff attorney's fees. In so concluding, we acknowledge the potential for gamesmanship our case law creates. Here, the trial court's Order reflects it was Defendant's intransigence on the issue of child support that prolonged this litigation and resulted in this matter converting to one that was solely an action for support in which Plaintiff was functionally precluded from recovering his attorney's fees. On the other hand, there would appear to be at least some disincentive (really on the part of any party) to settle child custody issues until the matter is called for trial in hopes of an easier path—or in the case of a supporting party, any path at all—to recouping attorney's fees. We simply note the statute's other requirement that the party awarded fees be one who is "acting in good faith." N.C. Gen. Stat. § 50-13.6 (2021).

## Conclusion

Accordingly, for the foregoing reasons, we reverse the trial court's 9 December 2021 Order to the extent it awarded Plaintiff attorney's fees in the amount of

$5,189.00.  As no party challenges any other portion of the Order, we affirm it in all other respects.

AFFIRMED IN PART; REVERSED IN PART.

Judges ZACHARY and GRIFFIN concur.