JEANE H. LITTLE v. JUNE C. LITTLE

No. 7022SC560

(Filed 16 September 1970)

1. Appeal and Error § 57; Rules of Civil Procedure § 48— sufficiency of evidence to support findings — appellate review
      Where the trial court finds the facts, the question of the sufficiency of the evidence to support the findings may be raised on appeal. Rule of Civil Procedure No. 48.

2. Divorce and Alimony § 18— award of possession of home to wife pendente lite
      There was sufficient evidence to support findings by the trial court that defendant husband was in lawful possession as lessee of

the house in which the parties were living at the time of their separation, and it was not error for the court, under the provisions of G.S. 50-16.7, to order defendant to put plaintiff wife in possession of the house pending trial on the merits of plaintiff's action for alimony without divorce.

**3. Divorce and Alimony § 18— finding that wife was dependent spouse — sufficiency of evidence**

Trial court's finding of fact that plaintiff wife was a dependent spouse and that defendant husband was the supporting spouse was supported by competent evidence, including evidence that defendant's adjusted gross income for the previous year was $55,704 and that plaintiff's adjusted gross income for the same year was $1,281. G.S. 50-16.1(3) and (4).

**4. Divorce and Alimony § 18— finding that husband maliciously turned wife out of doors — sufficiency of evidence**

There was competent evidence to support findings of fact by the trial court that defendant husband maliciously turned plaintiff wife out of doors and that plaintiff was entitled to alimony *pendente lite* and counsel fees, although there was some evidence that plaintiff may have contributed substantially to the marital difficulties between the parties.

**5. Divorce and Alimony § 18— amount of alimony pendente lite — discretion of court**

The amount of alimony *pendente lite* is to be determined in the discretion of the trial judge in the same manner as the amount of alimony is determined. G.S. 50-16.3(b).

**6. Divorce and Alimony § 18— award of alimony pendente lite — requirement that husband pay wife's motel bill**

No abuse of discretion is shown in the award to plaintiff wife of $400 per month as alimony *pendente lite* and in requiring defendant husband to pay a motel bill incurred by the wife and the children of the parties after they left the home occupied by defendant.

**7. Divorce and Alimony § 18— amount awarded for counsel fees pendente lite**

There was no abuse of discretion in the award of $2,500 counsel fees *pendente lite* to counsel representing plaintiff wife.

**8. Appeal and Error § 45— abandonment of assignment of error**

Assignment of error not brought forward and argued in the brief is deemed abandoned. Court of Appeals Rule No. 28.

**9. Divorce and Alimony § 22— joinder of child custody action with action for alimony without divorce**

It was permissible under G.S. 50-13.5(b)(3) for the wife to join with her action for alimony without divorce an action for custody and support of the minor children of the parties.

**10. Divorce and Alimony § 23— amount awarded for child support**

There was competent evidence to support an award to plaintiff wife from defendant husband for the support and maintenance of their

children, and no abuse of discretion has been shown in the award of $150 per month for the support of each of three of the children and $100 per month for the support of each of two of the children.

APPEAL by defendant from *Seay, J.,* 22 June 1970 Civil Session of Superior Court held in DAVIDSON County.

Plaintiff seeks alimony without divorce, custody and support of the minor children born of the marriage of the parties, alimony *pendente lite,* and counsel fees. Plaintiff alleges that the parties live in Davidson County; that she is the dependent spouse; that defendant maliciously turned her out of doors; that defendant has by cruel and barbarous treatment endangered her life; that defendant has offered such indignities to her person, and has become an excessive user of alcohol and drugs, so as to render her condition intolerable and life burdensome; that defendant owns substantial property and is worth in excess of one million dollars; that she lacks the income and assets to provide for her maintenance and support and the maintenance and support of the minor children; that she is a fit and suitable person to have the custody of the minor children of the parties, and the defendant is not; that she lacks sufficient funds to employ and compensate counsel to represent her in this action; and that all of the alleged acts of the defendant were without any fault or provocation on her part. No formal answer to the complaint appears in the record. Summons was issued on 8 June 1970 and served on 9 June 1970.

The matter was heard at the 22 June 1970 Session of Superior Court of Davidson County, after notice, upon motion of plaintiff for alimony *pendente lite,* counsel fees, custody of the children, and maintenance and support of the children *pendente lite.*

There was evidence for the plaintiff which tended to show that plaintiff and defendant were married on 17 June 1950 and that six children were born of the marriage, the oldest being 18 years of age and the youngest being 12 years of age. Over the years the parties experienced many marital problems and difficulties. The evidence tended to show that defendant was an habitual and excessive user of alcoholic beverages and sometimes used barbiturate drugs and sleeping pills. The parties first separated in 1959. After reconciliation, they again separated in 1965.

There was another reconciliation, after which the defendant continued to pay plaintiff $1,000 per month which was the

amount provided for in a separation agreement they entered into after the separation in 1965. This amount was intended to cover the household expenses for plaintiff and the children. It was not enough, and the plaintiff, a registered nurse, took a part-time job at a hospital. When the children entered private school, she took a full-time job to cover this added expense and the expense of providing transportation to and from school for the children. The plaintiff's evidence also tended to show that she had no property of her own except a house which she rents in Lexington, but she does not receive enough from the rentals to keep up the payments on it. That the defendant is a wealthy man and has a substantial annual income. Plaintiff testified that the marriage was a long history of confrontations and arguments culminating in a final argument on the night of 4 June 1970. On that night the defendant, who had been drinking excessively for a period of two days, awakened plaintiff and five of their six children after they had retired for the night and, using profane and obscene language, told them to get out of the house and not to come back and that "if they did, he would throw them out bodily"; that plaintiff and the children left and went to a motel because they had no other place to go; and that the acts and conduct of defendant were without any fault or provocation on the part of the plaintiff.

The evidence offered by the defendant contradicted that of the wife and tended to show that she had a high and uncontrollable temper; that on one occasion plaintiff shot the defendant with a shotgun; and that the plaintiff's improper conduct was the cause of the separations and the problems and troubles between the parties.

After hearing the evidence, Judge Seay found facts and entered judgment that pending the trial of the action, plaintiff have primary custody of the five younger children; that plaintiff have possession of the house that the parties had lived in; that defendant pay a motel bill incurred by plaintiff and the children from 4 June 1970 to 1 July 1970 after they were told to leave home by defendant on the night of 4 June 1970; that defendant pay $400 per month for the maintenance and support of the plaintiff; that defendant pay to plaintiff $150 per month for the support of three of the children and $100 per month for two of them, these amounts to be reduced on certain conditions; that defendant would have visitation rights; that defendant provide a policy of hospitalization for the wife and children; that, in addition, defendant pay the tuition fees for the three

---

Little v. Little

---

children attending college; and that the defendant pay $2,500 counsel fees *pendente lite* to the plaintiff's attorneys.

From this order, defendant gave notice of appeal to the Court of Appeals.

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for plaintiff appellee.*

*Barnes & Grimes by Jerry B. Grimes for defendant appellant.*

MALLARD, C.J.

[1] Where the trial court finds the facts, it is the rule in North Carolina that the question of the sufficiency of the evidence to support the findings may be raised on appeal. See G.S. 1A-1, Rule 52 of the Rules of Civil Procedure. It is also a well-established rule in North Carolina that:

> "The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence contra, or even though some incompetent evidence may also have been admitted. * * *" 1 Strong, N.C. Index 2d, Appeal and Error, § 57, pp. 223, 224.

[2] The defendant's first two assignments of error challenge the award of the possession *pendente lite* of the house in which the parties were living at the time of the separation of the parties and the factual findings upon which the award was based. The court found as a fact that the defendant leased or rented this house from the Grubb Oil Company, a corporation of which the defendant was the president, general manager, and majority stockholder. In his affidavit the defendant asserted that he was still living in the house in question, in which the parties lived together for many years, and that it "has been open as it has been *for the many years we have lived there.* She left on her own free will and she can return at her own free will. Two of the children *are living there.*" (Emphasis Added.) There was other evidence that the defendant was in lawful possession of the house. The circumstantial evidence was ample to support the findings of the trial judge that the defendant was in the lawful possession of the house as lessee. It was not error for the court, under the provisions of G.S. 50-16.7, to order the defendant to put the plaintiff in possession of the house pending the trial of this action on its merits.

Little v. Little

[3]   Defendant's third and fourth assignments of error question the sufficiency of the evidence to support the finding of fact by the trial judge that the plaintiff was a dependent spouse and the defendant was the supporting spouse. In this case the evidence tended to show that the defendant was a wealthy man; that in 1969 the defendant reported to the State of North Carolina an "adjusted gross income" of $55,704.00 and a "net taxable income" of $48,931.00; that in 1969 the plaintiff reported to the State of North Carolina an "adjusted gross income" of $1,281.00 and a "net taxable income" of $281.00. In his affidavit the defendant stated that for some years prior to the separation, he had been paying his wife $1,000 per month, out of which she was to support the children; that in addition to the monthly payments, he had provided a home, utilities, meat and other foods for the family; and that he had also provided his wife with adequate transportation. There was competent evidence to support the finding by the trial judge that the plaintiff was a "dependent spouse" within the meaning of G.S. 50-16.1(3) which reads:

> " (3)   'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

There was also competent evidence to support the finding by the trial judge that the defendant was a supporting spouse within the meaning of G.S. 50-16.1(4) which reads:

> " (4)   'Supporting spouse' means a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support. A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife."

[4]   By assignments of error five, six, and seven, defendant contends that the trial court erred in finding as facts that on 4 June 1970 the defendant maliciously turned the plaintiff out of doors and that plaintiff was entitled to alimony *pendente lite* and counsel fees. Where the court finds the facts, as here, the duty of resolving conflicts in the evidence is for the court. *Wall v. Timberlake*, 272 N.C. 731, 158 S.E. 2d 780 (1968). There was competent evidence to support the findings of fact by the

court that the defendant maliciously turned the plaintiff out of doors and that the plaintiff was entitled to alimony *pendente lite* and counsel fees, although there was some evidence that the plaintiff may have substantially contributed to the marital difficulties between the parties.

[5] In defendant's assignments of error eight and eleven, it is contended that the amount of alimony *pendente lite* ordered paid to the plaintiff is excessive. The amount of alimony *pendente lite* is to be determined in the discretion of the trial judge in the same manner as the amount of alimony is determined. G.S. 50-16.3(b). It is provided in G.S. 50-16.5(a) that:

> "(a) Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case."

[6] When the estates, earning capacity, accustomed standard of living of the parties, and the other facts of this case are considered, no abuse of discretion is shown in the amount awarded to plaintiff as alimony *pendente lite* and in requiring defendant to pay the motel bill incurred by plaintiff and the children of the parties from 4 June 1970 to 1 July 1970.

[7] Defendant's assignment of error nine challenges the amount of counsel fees awarded. The provision for the payment of counsel fees *pendente lite* is contained in G.S. 50-16.4. This statute requires that the amount of the fees shall be reasonable. The reasonable amount is to be determined by the trial judge in the exercise of discretion. When the circumstances of this case are all taken into consideration, there was no abuse of discretion in the award of $2,500 counsel fees to plaintiff's counsel. The facts in the case of *Schloss v. Schloss* 273 N.C. 266, 160 S.E. 2d 5 (1968), cited by defendant in support of his contention, are distinguishable from the facts in the instant case. See *Stanback v. Stanback*, 270 N.C. 497, 155 S.E. 2d 221 (1967) and *Mercer v. Mercer*, 253 N.C. 164, 116 S.E. 2d 443 (1960).

[8] Defendant's tenth assignment of error, which was to the award of the primary custody of the five younger children to plaintiff, is not brought forward and discussed in his brief and is therefore deemed abandoned. Rule 28 of the Rules of Practice in the Court of Appeals.

Defendant's assignment of error twelve challenges the amount of support for the children that defendant was ordered

to pay pending the trial of this cause. The court ordered the defendant to pay to plaintiff $150 per month for the support of each of the following children: John Robert Little, Zeb Vance Little, and Linda Little; and the sum of $100 per month for the support of each of the following children: Alma Jean Little and Velma June Little. There is a provision included in the order that when Alma Jean Little and Velma June Little enter a "full-time" boarding school, the payments for their benefit shall be reduced to $20 per month each. There is a further provision relating to the elimination of support payments.

[9, 10] It was permissible under G.S. 50-13.5(b)(3) for the plaintiff to join this action for custody and support of the minor children of the parties in her action for alimony without divorce. Under G.S. 50-13.4(b), "the father, the mother, or any person, agency, organization or institution standing in *loco parentis* shall be liable, in that order, for the support of a minor child." The judge, under this statute, in proper instances, may enter an order requiring support for a minor child. The amount shall be in the discretion of the court and sufficient to meet the reasonable needs of the child for health, education, and maintenance, with due regard being given to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the case. G.S. 50-13.4(c). When all of these factors are taken into consideration in this case, there was competent evidence to support an award to the plaintiff from the defendant for the support and maintenance of the children of the parties, and no abuse of discretion has been made to appear in the amount thereof.

Defendant's assignments of error are overruled. Based upon material findings of fact, which are supported by competent evidence, Judge Seay properly entered judgment awarding alimony *pendente lite,* counsel fees, custody and support of the children, pending the determination of this cause on its merits.

The judgment is affirmed.

Affirmed.

PARKER and HEDRICK, JJ., concur.