GWENDOLYN C. COBB v. KENTON L. COBB

No. 8521DC483

(Filed 4 March 1986)

1. **Divorce and Alimony § 27— attorney fees—findings as to hours and value—evidence sufficient**

    The trial court did not err in a domestic action by finding that plaintiff's attorney had spent no less than 34.15 hours working on the case and that the value of those services was no less than $3,000 where plaintiff's attorney stated in his affidavit that he had represented plaintiff since December of 1982, but did not show an itemized entry for time spent on the case until 19 July 1983; he spent 3.3 hours on the case between 19 July 1983 and 3 May 1984; the balance of the 34.15 hours was accrued from 3 May 1984 on; plaintiff

Cobb v. Cobb

filed her complaint on 15 June 1984; the attorney advanced plaintiff $123 for expenses; and the total amount expended by the attorney on plaintiff's account was $3,538.

**2. Divorce and Alimony § 27— attorney fees—finding that plaintiff lacked means to defray expenses—evidence sufficient**

The trial court did not err in an action for alimony, child support, and child custody by finding that plaintiff did not have the means to defray the expenses of the suit where plaintiff had spent approximately $3,147 for their son's college expenses; had paid a total of $4,412.77 in attorney fees to a California attorney to defend a suit initiated by defendant in California and to a South Carolina attorney to file a suit against defendant; plaintiff currently had no liquid assets and her actual current income had not met her living expenses; and forcing plaintiff to sell her only remaining asset, the former marital residence, in order to pay her attorney fees would constitute an unreasonable depletion of her separate estate. N.C.G.S. 50-13.6.

**3. Divorce and Alimony § 27— evidence that plaintiff acted in good faith and attorney fee reasonable—findings not sufficient—remanded**

The court's findings in a domestic action were not sufficient to support an award of attorney fees, even though there was evidence which could be interpreted to show plaintiff's good faith and the reasonableness of the attorney fee award, where there was no finding that plaintiff was an interested party acting in good faith and the Court of Appeals was unable to determine from the record the hourly rate of plaintiff's attorney for the services in issue. N.C.G.S. 50-13.6, App. Rule 28(b).

Chief Judge HEDRICK concurring.

APPEAL by defendant from *Harrill, James A., Jr., Judge.* Judgment entered 28 November 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 1 November 1985.

On 15 June 1984 plaintiff initiated this action seeking (1) recovery of alimony and child support due under a separation agreement entered between the parties 1 June 1983, (2) specific performance of the same separation agreement, (3) custody of the minor child born of the prior marriage and (4) an award of attorney's fees. The defendant answered and counterclaimed for a reduction of alimony and child support, alleging a substantial change of circumstances. On 19 November 1984, the parties entered into a consent judgment signed by Judge Harrill which disposed of all issues except plaintiff's request for attorney's fees. The consent judgment specifically ordered an individual determination of attorney's fees "in this action." Judge Harrill heard the evidence relating to attorney's fees and on 28 November 1984 entered an order granting the attorney for the plaintiff, Melvin F.

Wright, Jr., an attorney fee award of $3,000 to be paid by defendant. Defendant appeals.

*Alexander, Wright, Parrish, Hinshaw, Tash and Newton, by Melvin F. Wright, Jr., for plaintiff appellee.*

*Leonard, Tanis and Cleland, by Robert K. Leonard, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant assigns as error the court finding as fact that the attorney for plaintiff spent no less than 34.15 hours working on this case and that the value for these services was no less than $3000. Defendant contends that many items shown in the affidavit for attorney's fees submitted by the attorney had no relation to this action, but included time spent on separate actions between plaintiff and defendant in California and South Carolina.

The trial court's findings of fact are conclusive if supported by any competent evidence. *Little v. Little,* 9 N.C. App. 361, 365, 176 S.E. 2d 521, 523-24 (1970). Bearing this principle in mind we now review the evidence in the case *sub judice* relative to this issue. Melvin F. Wright, Jr., the attorney of plaintiff, submitted an affidavit itemizing the services he rendered for plaintiff in connection with this case. He stated in his affidavit that he had represented plaintiff since December 1982, yet the attorney does not show an itemized entry for time spent on this case until 19 July 1983. According to his affidavit, between 19 July 1983 and 3 May 1984, he had spent 3.3 hours on this case. The balance of the 34.15 hours accrued from 3 May 1984 on. Plaintiff filed her complaint 15 June 1984. "All litigation inevitably involves certain precursory activity." *Whedon v. Whedon,* 58 N.C. App. 524, 530, 294 S.E. 2d 29, 33 (1982). Such legitimate work by counsel in precursory activity is allowable within an attorney fee award in connection with a domestic case. *Id.* We deem the time shown on the attorney fee affidavit as spent prior to the filing of plaintiff's complaint such legitimate precursory activity. The record shows sufficient evidence to support the court's finding that plaintiff's attorney spent 34.15 hours on this case. There is also evidence in the record to show that the attorney advanced on behalf of plaintiff $123 for expenses connected with this case. There is evidence to show that the total amount expended by Mr. Wright on behalf

of his client for services rendered and expenses incurred totaled $3538. The court's finding that the attorney spent no less than 34.15 hours on the case valued at no less than $3000 is supported by sufficient evidence. Defendant's first Assignment of Error is overruled.

Defendant's remaining Assignments of Error pertain to the following findings of fact regarding the court's order for attorney's fees:

> 1. Plaintiff's attorney, Melvin F. Wright, Jr., has rendered valuable legal services to the Plaintiff in this matter, including interviews, preparation of the Complaint, and the hearing of this action, and has spent, pursuant to the Affidavit for Counsel Fees filed herein, no less than 34.15 hours working on this case on the Plaintiff's behalf and has advanced the sum of $123.00 in direct expenses on her behalf and that the value for the services rendered to the Plaintiff in this matter is no less than $3000.00.
>
> 2. The Plaintiff does not have the means wherewith the [sic] defray the costs and expenses incurred as a result of the preparation, filing and hearing of this action, and the Plaintiff is therefore entitled to an award from the Defendant for counsel fees pursuant to North Carolina General Statutes 50-13.6.

An order for attorney's fees pursuant to G.S. 50-13.6 in an action for child custody or support, or both, must be supported by findings, required by the statute, that the party seeking the award is (1) an interested party acting in good faith and (2) has insufficient means to defray the expense of the suit. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). *See* G.S. 50-13.6. Because G.S. 50-13.6 allows for an award of *reasonable* attorney's fees, cases construing the statute have in effect annexed an additional requirement concerning reasonableness onto the express statutory ones. *Warner v. Latimer*, 68 N.C. App. 170, 176, 314 S.E. 2d 789, 793 (1984). Namely, the record must contain additional findings of fact upon which a determination of the requisite reasonableness can be based, such as findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers. *Id.*; *Falls v. Falls*, 52 N.C. App. 203,

221, 278 S.E. 2d 546, 558, *cert. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981); *Austin v. Austin*, 12 N.C. App. 286, 296, 183 S.E. 2d 420, 427 (1971). The amount of the award is within the discretion of the trial judge and will not be reversed in the absence of an abuse of discretion. *Hudson v. Hudson, supra,* at 472, 263 S.E. 2d at 724.

[2]   In his second Assignment of Error, defendant contends that the evidence is insufficient to support the court's finding that plaintiff did not have the means to defray the expenses of the suit. As stated above, since this statutory finding of fact should stand if supported by competent evidence, *Little, supra,* we will now review the evidence as to this issue. According to plaintiff's uncontradicted testimony her assets consisted of the following: the former marital residence valued at the time of separation at $175,000, with an outstanding mortgage of $54,000; a 1984 Honda Accord automobile, paid in full; a $1500 account at Dean Witter Reynolds, composed of funds borrowed by plaintiff for their son's college expenses. Plaintiff's income consisted of $800 per month from her employment. Plaintiff had an additional expected income of $1250 per month in alimony payments under the terms of the consent judgment (which defendant had not paid since April 1984) and $500 per month child support for the one remaining minor under the terms of the consent judgment (for which defendant was also substantially in arrears). The evidence tended to show that defendant's assets consisted of the following: a condominium in South Carolina valued at the time of separation at $68,500 and expected to yield $14,000 in net proceeds when sold in compliance with the consent judgment; four acres of land in Alleghany County, North Carolina; a 1983 Toyota automobile, paid in full; an IRA account valued at $3500. Defendant was previously employed as a staff attorney for R. J. Reynolds Tobacco Company with a salary of $125,000 per year. Defendant had voluntarily left his former employment. At the time of the hearing defendant was unemployed and had been offered a job with a California law firm for a salary of $60,000 per year, contingent upon his passing the California bar exam. Defendant received rents from the South Carolina condominium.

It would be contrary to what we perceive to be the intent of the legislature to require one seeking an award of attorney's fees to meet the expenses of litigation through the unreasonable

depletion of her separate estate where her separate estate is smaller than that of the other party. *Clark v. Clark*, 301 N.C. 123, 137, 271 S.E. 2d 58, 68 (1980). Plaintiff had spent approximately $3147 for their son's college expenses and had paid a total of $4412.77 in attorney's fees to a California attorney to defend a suit initiated by defendant in California and to a South Carolina attorney to file a suit against defendant. Plaintiff currently had no liquid assets and her actual current income had not met her living expenses. Under these circumstances we hold that to force plaintiff to sell her only remaining asset, the former marital residence, in order to pay her attorney's fees, would constitute an unreasonable depletion of her separate estate. The record reveals sufficient evidence to support the court's finding that plaintiff did not have the means to defray the costs and expenses incurred in the action. Defendant's second Assignment of Error is overruled.

[3] Next defendant contends in his third Assignment of Error that the facts found are insufficient to support an award of attorney's fees, namely there is no finding that plaintiff was an interested party acting in good faith and there are no findings upon which a determination of the requisite reasonableness of the award could be based as required by *Warner v. Latimer, Falls* and *Austin*. Without holding that the findings pertaining to the reasonableness of the fees in the case *sub judice* are sufficient, we note the better practice would be to include more findings than those made by the court. However, we find noticeably absent a finding that plaintiff is an interested party acting in good faith. Based on our review of the record, however, there is evidence which could be interpreted to show plaintiff's good faith. At the time the consent judgment was entered defendant was in arrears to plaintiff for alimony and child support in the amount of $15,050. Plaintiff was forced to defend in a California law suit when defendant sought to have the North Carolina separation agreement set aside. There is also evidence in the record pertaining to the reasonableness of the attorney fee award. The affidavit of the attorney that was submitted to the court showed the total value of his services rendered was $3538. Plaintiff testified that when Mr. Wright represented her in 1983 concerning a separation agreement and property settlement he quoted her a rate of $75.00 per hour. We are unable to determine from the record whether the court considered this to be Mr. Wright's hourly rate for the serv-

ices at issue. What this and other evidence before the court *does* show is a matter for the trial court to determine in appropriate factual findings. *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E. 2d 185, 190 (1980).

Defendant did not present and discuss his fourth Assignment of Error in his brief; therefore, it is deemed abandoned. Rule 28(a), N.C. Rules App. P.

Since the order does not contain sufficient findings of fact, the attorney fee award is reversed and the judgment vacated. This case is remanded for further findings consistent with this opinion.

Vacated and remanded.

Chief Judge HEDRICK and Judge WHICHARD concur.

Chief Judge HEDRICK concurring.

I concur in the decision of the majority to vacate the order awarding attorney's fees in the amount of $3,000.00 and to remand the cause to the district court for a further hearing, findings and conclusions with respect to the appropriate attorney's fees to be awarded. In cases such as this, it is the responsibility of the trial judge to determine first whether the party is entitled to have an award of attorney's fees and then the reasonableness of those fees. The amount of attorney's fees awarded is within the discretion of the trial judge, who should make sufficient findings to enable the reviewing court to determine whether the judge has or has not abused his discretion in the amount of the award. In making its decision about the amount of the award, the trial judge should take into consideration the nature and extent of the work performed, the skill and experience of the attorney, the amount of time required in the particular case, and the customary charges of attorneys practicing in that general area. I am not making a checklist for the district court judges to follow in every case. It is sufficient, in my opinion, if the judge makes sufficient findings to enable the reviewing court to determine whether the trial judge has abused his discretion in the particular case.

In the present case, the court awarded plaintiff attorney's fees in the amount of $3,000.00, based on a finding that the at-

torney had spent 34.15 hours working on the case. This fee of $3,000.00 seems excessive absent more detailed findings as to the amount charged by other attorneys practicing in the general area.