JOHN ANDERSON TAYLOR, JR. v. DULCIA G. TAYLOR

No. 191A95

(Filed 4 April 1996)

**Divorce and Separation § 551 (NCI4th)— child custody and support—attorney fees—consideration of estate of other party**

The trial court, when ruling on a motion for attorney's fees in a child custody and support action, correctly determined that defendant had sufficient means to defray the cost of the action without considering the estate of the other party where both the custody and support actions were before the trial court at the times the case was called for trial (although the parties quickly settled the issue of custody) so that the action is properly characterized as one for custody and support, and the record reveals that defendant had a monthly income of $3,959, that her income exceeded her expenses (excluding attorney fees) by $477, and that her estate was valued at approximately $1.2 million. In enacting N.C.G.S. § 50-13.6, the legislature recognized a distinction between an action for support only and an action for custody and support; the language of the statute does not require that a trial court consider the relative estates of the parties in determining whether to award attorney's fees in child custody and support actions. Although the determination of whether a party is a dependent spouse or a supporting spouse for alimony requires a

## TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

comparison of the parties' estates, the parties are not required to allege or prove that one spouse is a dependent spouse and the other a supporting spouse in child custody and support actions.

**Am Jur 2d, Divorce and Separation §§ 231, 597, 1061.**

**Right to attorneys' fees in proceeding, after absolute divorce, for modification of child custody or support order. 57 ALR4th 710.**

Chief Justice MITCHELL dissenting.

Justices WHICHARD and PARKER join in this dissenting opinion.

Justice WHICHARD dissenting.

Chief Justice MITCHELL and Justice PARKER join in this dissenting opinion.

Appeal by plaintiff pursuant to N.C.G.S. § 7A-31 from the decision of a divided panel of the Court of Appeals, 118 N.C. App. 356, 455 S.E.2d 442 (1995), reversing the trial court's order entered by Davis (Chester C.), J., on 24 January 1994 in District Court, Forsyth County, and remanding for further proceedings. Heard in the Supreme Court 11 December 1995.

*Petree Stockton, L.L.P., by Lynn P. Burleson; and Edward P. Hausle, P.A., by Edward P. Hausle, for plaintiff-appellant.*

*Robinson Maready Lawing & Comerford, L.L.P., by Norwood Robinson and C. Ray Grantham, Jr., for defendant-appellee.*

FRYE, Justice.

The sole question on this appeal is whether a trial court, in ruling on a motion for attorney's fees in a child custody and support action, may determine that a party has sufficient means to defray the cost of the action without considering the estate of the other party. We answer in the affirmative and reverse the Court of Appeals' decision to the contrary.

The following facts and circumstances are pertinent to this appeal. John Anderson Taylor, Jr. (plaintiff) and Dulcia G. Taylor (defendant) were married on 30 December 1981 and separated on or about 7 May 1990. Two children were born of the marriage. Pursuant to a separation and property settlement agreement entered into by

the parties on 22 March 1991, defendant received the marital home valued at $200,000, the furniture contained in the marital home, and a distributive award of $1,036,307. Plaintiff was responsible for the monthly mortgage payments on the home in the amount of $1,436.65. Also, pursuant to the separation and property settlement agreement, the parties entered into a shared legal custody arrangement for their two children, with primary physical custody being with defendant.

On 10 May 1991, plaintiff filed a verified complaint for absolute divorce; and on 10 June 1991, defendant filed an answer and counterclaim, seeking primary physical custody of their two children, child support, and the costs of the action. Judge Margaret L. Sharpe granted the parties an absolute divorce on 18 July 1991; and on 6 December 1991, Judge R. Kason Keiger signed an interim child support order consented to by the parties and decreeing that

> in lieu of a child support order in a sum certain . . . [p]laintiff will insure that funds are made available from applicable trusts or otherwise to continue to pay the children's educational expenses . . . until such time as a final determination is made as to the issues of custody and child support.

Hearings on the issues of child support, child custody, and attorney's fees took place in August and October of 1993. In an order signed 23 January 1994 and filed 24 January 1994, Judge Chester C. Davis found as fact that "[d]efendant's answer and counterclaim . . . did request attorney's fees on August 20, 1993"; that "defendant has paid $13,305.55 to her attorneys in this child support action and that $85,895.56 is still owed the attorneys for services rendered"; that "after deducting the expenses of a loan incurred by the defendant, she has a reasonably liquid estate of $666,581, a home now having an approximate value of $350,000, two cars, and furniture all of which have an approximate total value of 1.1 million dollars"; that "the defendant is an interested party"; that "the defendant was acting in good faith"; and that "defendant ha[s] sufficient means to defray the expenses of this lawsuit."

The trial court then concluded as a matter of law, *inter alia*, that based on its findings of fact, "[d]efendant has sufficient means to defer [sic] the expense of this litigation and therefore, that defendant is not entitled to attorneys' fees." Based on these findings and conclusions, the trial court ordered, *inter alia*, that "[d]efendant shall have and recover no attorneys' fees from plaintiff."

## TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

Both plaintiff and defendant appealed to the Court of Appeals from the order entered 24 January 1994 in District Court, Forsyth County. The Court of Appeals reversed the order for retroactive and prospective child support and remanded those issues to the trial court for reconsideration. However, the panel divided as to the issue of attorney's fees. Concluding that the trial court erred in deciding that defendant was not entitled to an award of attorney's fees based solely on defendant's financial condition, the majority of the panel remanded the order denying an award of attorney's fees to the trial court for consideration of the relative estates of the parties.

Judge Lewis dissented as to the decision of the majority of the panel on the issue of attorney's fees. Judge Lewis disagreed with the majority's conclusion that the trial court was required in this case to consider the relative estates of the parties in determining whether the party seeking attorney's fees had insufficient means to defray the expense of the suit. He also disagreed that requiring this defendant to pay her own attorney's fees constitutes an unreasonable depletion of her estate.

Plaintiff appeals to this Court based on Judge Lewis' dissenting opinion. On this appeal, plaintiff argues that the Court of Appeals erred in rejecting the trial court's determination that defendant had sufficient means to defray her litigation expenses because (1) the evidence established that defendant's monthly income exceeds her monthly expenses; and (2) it is not unreasonable for defendant to pay her litigation costs from her estate, which is substantial and primarily liquid. Therefore, plaintiff contends that the majority of the panel of the Court of Appeals is legally incorrect in requiring trial courts as a matter of law to consider the relative estates of the parties in determining whether the party seeking attorney's fees in a child custody and support action has insufficient means to defray the expense of the suit.

The relevant statute, N.C.G.S. § 50-13.6, provides in pertinent part:

> In an action or proceeding for the custody or support, or both, of a minor child, . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circum-

stances existing at the time of the institution of the action or proceeding.

N.C.G.S. § 50-13.6 (1991). We have interpreted this provision as requiring that before attorney's fees can be taxed in an action for custody or in an action for custody and support, the facts required by the statute—that the party seeking the award is (1) an interested party acting in good faith, and (2) has insufficient means to defray the expense of the suit—must be both alleged and proved. *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 723 (1980). A party has insufficient means to defray the expense of the suit when he or she is "unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Id.* at 474, 263 S.E.2d at 725. If the action is one for support only, an additional finding must be made that "the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding." *Id.* at 472-73, 263 S.E.2d at 724. "Whether these statutory requirements have been met is a question of law, reviewable on appeal." *Id.* at 472, 263 S.E.2d at 724.

The instant action is properly characterized as one for "custody and support" because both the custody and support actions were before the trial court in August and October of 1993, the times the case was called for trial. *Lawrence v. Tise*, 107 N.C. App. 140, 153, 419 S.E.2d 176, 184 (1992). "This is so despite the fact that the parties 'quickly settled' the issue of custody." *Id.* Therefore, the trial judge, pursuant to the first sentence of N.C.G.S. § 50-13.6, had the discretion to award attorney's fees to defendant upon findings that (1) defendant was an interested party acting in good faith, and (2) defendant had insufficient means to defray the expense of the suit.

The trial judge made findings pursuant to N.C.G.S. § 50-13.6 for a child custody and support suit. The trial court found that defendant was an interested party and that she was acting in good faith, and plaintiff does not challenge these findings. However, after considering the testimony on defendant's financial condition, the trial court found that defendant had sufficient means to defray the expense of the action. Defendant contends, essentially, that the trial court cannot make this determination without considering the relative estates of the parties. Plaintiff, on the other hand, contends that such a determination can be made without a comparison of the estates of the parties. We agree with plaintiff.

TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

The record reveals that defendant had a monthly income of $3,959; expenses for the children of $596; and expenses for herself, excluding attorney's fees, of $2,886. Thus, defendant's monthly income exceeded her monthly expenses, excluding attorney's fees, by $477. The record also reveals that at the time the parties entered into the separation and property settlement agreement, defendant had no debts and her estate was valued at approximately $1.2 million.

The record further reveals that at the time of the hearing in this matter, defendant had hired four attorneys. Defendant paid the first attorney $5000. The total bill for service rendered by her second attorney was $6770, of which $950 remained due. Defendant further paid $13,305.55 to her other two attorneys and still owed $85,895.56 for services rendered by them. The record also shows that approximately $6000 in deposition and hearing transcripts costs incurred by defendant were taxed to plaintiff.

The evidence supported the trial court's finding that defendant had the means to defray her litigation expenses. Defendant's estate, which is primarily liquid, was sufficient to pay these expenses; and no unreasonable depletion of her estate would be required to pay them. The trial court's findings of fact thus support the conclusion that an award of attorney's fees was not necessary to make it possible for defendant to employ adequate counsel to enable her, as litigant, to meet plaintiff in the suit. *Hudson*, 299 N.C. at 474, 263 S.E.2d at 725; *see also Rickert v. Rickert*, 282 N.C. 373, 193 S.E.2d 79 (1972) (award of attorney's fees in alimony *pendente lite*, child custody, and support action reversed despite fact that husband's estate was much larger than wife's estate); *Lawrence v. Tise*, 107 N.C. App. 140, 419 S.E.2d 176 (order denying attorney's fees reversed in child custody and support action where evidence showed that mother's income from her law practice was not sufficient to pay her litigation expenses and that her monthly expenses exceeded her gross income); *Savani v. Savani*, 102 N.C. App. 496, 403 S.E.2d 900 (1991) (award of attorney's fees in child custody and support action affirmed where plaintiff's reasonable expenses exceeded her income); *Cobb v. Cobb*, 79 N.C. App. 592, 339 S.E.2d 825 (1986) (award of attorney's fees in alimony, child custody, and support action affirmed where plaintiff currently had no liquid assets; her actual current income had not met her living expenses; and plaintiff would be forced to sell her only remaining asset, the former marital residence, in order to pay her attorney's fees).

Defendant relies on this Court's decision in *Clark v. Clark*, 301 N.C. 123, 271 S.E.2d 58 (1980). Defendant argues that *Clark* is controlling on this issue and that *Clark* requires that the trial court consider the relative estates of the parties in determining whether a party has sufficient means to defray the cost of litigation. However, we conclude that *Clark* is not controlling in this case. *Clark* involves the issue of the amount of attorney's fees, not the threshold question of whether any attorney's fees should have been awarded. Further, *Clark* is based on an award of attorney's fees in an alimony action under N.C.G.S. § 50-16.3(a), which requires a determination that one spouse is a supporting spouse and the other a dependent spouse. This determination usually requires a comparison of the parties' estates. N.C.G.S. § 50-13.6, the statute involved in the instant case, does not include this requirement.

The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. *Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 196, 347 S.E.2d 814, 817 (1986). To determine this intent, the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish. *Id.* In the instant case, the language of the statute does not require that a trial court consider the relative estates of the parties in determining whether to award attorney's fees in child custody and support actions.

The rationale of Justice Whichard's dissenting opinion seems to be that, even though N.C.G.S. § 50-13.6 contains no requirement that a trial court compare the relative estates of the parties in determining whether to award attorney's fees in child custody and support actions, we should read this requirement into the statute in order that the rule might be the same for alimony and child custody and support actions. However, we believe that this change, if it is to be made, is one for legislative attention.

We again note that the legislature, in enacting N.C.G.S. § 50-13.6, set different standards in actions for support and in actions for custody and support. In an action for custody and support, the statute requires that the party seeking the award of attorney's fees allege and prove that he or she is an interested party acting in good faith and without sufficient means to defray the expense of the suit. *Hudson*, 299 N.C. at 472, 263 S.E.2d at 723. However, if the action is one for support only, the party seeking support must also allege and prove that "the party ordered to furnish support has refused to provide sup-

## TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

port which is adequate under the circumstances existing at the time of the institution of the action or proceeding." *Id.* at 472-73, 263 S.E.2d at 724. Thus, in enacting § 50-13.6, the legislature recognized a distinction between an action for support only and an action for custody and support.

We further note that an award of attorney's fees in an alimony action under N.C.G.S. §§ 50-16.3 and 50-16.4 requires a determination that one spouse is a supporting spouse and the other a dependent spouse. N.C.G.S. § 50-16.3 provides in pertinent part:

(a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence presented . . . that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

Furthermore, N.C.G.S. § 50-16.4 provides in pertinent part:

At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may . . . enter an order for reasonable counsel fees for the benefit of such spouse. . . .

We conclude that the determination of whether a party is a dependent spouse or a supporting spouse requires a comparison of the parties' estates. We do not believe that the determination of whether a party has sufficient means to defray the necessary expenses of the action requires a comparison of the relative estates of the parties.

N.C.G.S. § 50-13.6, the controlling statute on award of attorney's fees in child custody and support actions, does not require a determination that one spouse is a dependent spouse and the other a supporting spouse. Since N.C.G.S. § 50-13.6 does not require the parties to allege or prove that one spouse is a dependent spouse and the other a supporting spouse, there is no need to compare the parties' relative estates when considering whether to award attorney's fees in child custody and support actions.

TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

Additionally, in the custody and support action, one parent seeks support for the child or children from the other parent, whose relationship may extend from that of a formal marital or long-term familial relationship to that of the casual acquaintance. On the other hand, the typical alimony case involves a spouse seeking to dissolve a relationship in which the dependent spouse has in some way contributed to the building of the estate of the supporting spouse from whom alimony and attorney's fees are sought. Thus, the dependent spouse is seeking alimony and attorney's fees from the estate to which he or she has contributed in some way during the familial relationship that is now being dissolved.

The General Assembly may have recognized these distinctions when it decided to include the award of attorney's fees in these different types of actions in different statutory provisions. If so, then the spirit of the act and what we believe the act seeks to accomplish would be disregarded if we interpreted the statute as do Chief Justice Mitchell and Justice Whichard. Accordingly, we conclude that there is some justification to support a legislative determination that the standard in custody and support actions should be different from the standard in alimony actions.

Further, we believe that our courts are fully capable of applying the holding in this case with "fairness to litigants and fulfillment of perceived legislative intent." We do not believe that our courts will apply this holding with the "literal starkness" mentioned in Justice Whichard's dissenting opinion. Accordingly, we decline to read into the statute a requirement that the trial court must compare the relative estates of the parties in determining whether to award attorney's fees in child custody and support actions.

For the foregoing reasons, the decision of the Court of Appeals on the issue of attorney's fees is reversed, and the case is remanded to that court for further remand to the trial court for reinstatement of that portion of the trial court's order denying defendant's request for attorney's fees. We do not decide, of course, whether defendant's condition may have changed since the date of the trial court's order so as to entitle her to attorney's fees after that date.

REVERSED AND REMANDED.

Chief Justice MITCHELL dissenting.

I disagree with the majority that the trial court is not to consider the relative estates of the parties in determining whether defendant

TAYLOR v. TAYLOR

[343 N.C. 50 (1996)]

has "insufficient means to defray the expense of the suit." N.C.G.S. § 50-13.6. The majority correctly concludes that a spouse has insufficient means to defray the expense of a custody and support action if he or she is "unable to meet the other spouse as litigant in the suit." Meeting a spouse "as litigant," however, implies that both spouses have the resources necessary to adequately assert and defend claims on substantially equal terms. *See Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980). This determination necessarily requires an evaluation of the relative estates of the parties.

The majority relies in part on the trial court's finding that defendant's monthly income exceeded her monthly expenses, excluding attorneys' fees, by approximately $477. At the same time, however, the trial court found that plaintiff's monthly income exceeded his monthly expenses by approximately $28,000. Thus, while defendant's net financial condition is substantial, it may not be adequate to enable her to meet plaintiff in court on *relatively* equal terms. In fact, defendant's attorneys' fees, which have exceeded $100,000, indicate the enormous resources she has exhausted to meet plaintiff on substantially even terms and the numerous barriers defendant "as litigant" has faced in resolving this case. Therefore, I would affirm the Court of Appeals' decision to remand the issue of attorneys' fees to the trial court for consideration of the relative estates of the parties.

Justices WHICHARD and PARKER join in this dissenting opinion.

Justice WHICHARD dissenting.

I have joined in Chief Justice Mitchell's dissenting opinion, and I write separately only to say the following:

The rationale of the Chief Justice's dissent rests entirely on this Court's interpretation of the statute governing payment of attorney's fees in alimony cases. As the majority opinion notes, that statute requires a determination that one spouse is a supporting spouse and the other a dependent spouse, which, in turn, usually requires a comparison of the parties' estates.

The child support attorney's fee statute, N.C.G.S. § 50-13.6 (1995), contains no such requirement. Applied with literal starkness, that statute's phrase "who has insufficient means to defray the expense of the suit" would limit an award of attorney's fees to parties whose liabilities would exceed their assets upon payment of their attorney's fees. Like the Chief Justice, however, and like this Court when it

interpreted the attorney's fee statute applicable to alimony cases, I do not believe this was the intent of the legislature.

In *Clark*, this Court stated:

It would be contrary to what we perceive to be the intent of the legislature to require a dependent spouse to meet the expenses of litigation through the unreasonable depletion of her separate estate where her separate estate is considerably smaller than that of the supporting spouse . . . . Furthermore, it flies in the face of common sense and fair play to so require. While in the abstract, it would seem that defendant has ample resources to do battle in the courts, close analysis suggests that such is the case only through unreasonable depletion of her relatively small resources.

*Clark v. Clark*, 301 N.C. 123, 137, 271 S.E.2d 58, 68 (1980). This reasoning is just as pertinent in child support cases as it is in alimony cases, and it is just as probable that the legislature intended it to apply in the one as in the other. The intent would appear to be, as the Chief Justice states, to assure that both spouses can adequately assert and defend claims on substantially equal terms. This determination necessarily requires an evaluation of the relative income and estates of the parties.

The majority's consideration of the duration of the parents' relationship as a pertinent factor in interpreting the statute is misguided. Child support actions protect the same interests whether the child is the product of a single encounter or a lengthy marital relationship. Those are the interests of the child in being adequately supported and the interests of the State in having the child supported by a solvent parent or parents rather than by the taxpayers. The duration of the parents' relationship has no bearing on these interests. Considerations as to "the estate to which [the parent seeking support and attorney's fees] has contributed in some way during the familial relationship that is now being dissolved" are appropriate in an equitable distribution action but not in answering the question of whether the legislature intended that relative estates be weighed in determining entitlement to attorney's fees in a child support action.

In the interest of symmetry in the law and, more importantly, fairness to litigants and fulfillment of perceived legislative intent, I would resolve the question presented by affirming the Court of Appeals' decision to remand to the trial court for a redetermination of the

attorney's fee issue, considering the relative incomes and estates of the parties. I therefore dissent.

Chief Justice MITCHELL and Justice PARKER join in this dissenting opinion.