IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-514

Filed: 21 April 2020

Mitchell County, No. 16CVD131

KARA ANN SULLIVAN (formerly Woody), Plaintiff,

v.

SCOTT NELSON WOODY, Defendant,

and

E. LYNN WOODY and JAMES NELSON WOODY, Intervenors.

Appeal by intervenors from judgment entered 12 September 2018 by Judge Rebecca Eggers-Gryder in Mitchell County District Court. Heard in the Court of Appeals 31 March 2020.

*Jackson Family Law, by Jill S. Jackson, for plaintiff-appellee.*

*Scott Nelson Woody, pro se, defendant-appellee.*

*Arnold & Smith, PLLC, by Matthew R. Arnold and Ashley A. Crowder, for intervenors-appellants.*

BERGER, Judge.

E. Lynn Woody and James Nelson Woody (collectively, "Intervenors") appeal from an order entered September 12, 2018, which found Intervenors jointly liable with Scott Nelson Woody ("Defendant") for the attorneys' fees of Kara Ann Sullivan ("Plaintiff"). On appeal, Intervenors argue, among other things, that the trial court erred (1) when it made an award of attorneys' fees against Intervenors; and (2) when

it found Intervenors liable for attorneys' fees unrelated to their involvement in the custody action. Although the trial court was statutorily authorized to make an award of attorneys' fees against Intervenors, we conclude that the trial court failed to make requisite findings. Therefore, we reverse and remand for the trial court to make additional findings of fact. Because we conclude the trial court failed to make those findings necessary for the fees awarded, we need not address Intervenors' additional assignments of error, all of which relate to the award.

Factual and Procedural Background

This appeal arises from a heavily litigated child custody dispute that has now stretched on for more than three and a half years. Plaintiff and Defendant were married on May 12, 2006. Plaintiff filed a complaint seeking temporary and permanent custody of a minor child, child support, and attorneys' fees on June 17, 2016. Plaintiff and Defendant were not separated when the complaint was originally filed. The parties subsequently divorced.

On August 21, 2016, Intervenors, who are the parents of Defendant and grandparents of the minor child, filed a motion to intervene. The trial court granted Intervenors' motion on October 31, 2016. On December 5, 2016, Intervenors filed a complaint seeking temporary and permanent visitation rights and attorneys' fees. Plaintiff filed an answer to Intervenors' complaint on February 8, 2017.

Before the matter was called for trial, Plaintiff and Defendant stipulated that Plaintiff was a fit and proper parent and that it would be in the best interest of the minor child to reside with Plaintiff, who would have legal and physical custody of the minor child. A trial was held on the remaining issues in the case—including Defendant's visitation rights, Intervenors' visitation rights, and Plaintiff's claim for attorney's fees—over six days between March 28, 2018 and August 31, 2018.

On September 12, 2018, the trial court entered a final order in the case. Pursuant to the final order, the trial court granted Intervenors visitation rights with the minor child. The trial court also ordered that Defendant and Intervenors were to be jointly liable for Plaintiff's attorneys' fees in the amounts of $12,720.00 and $74,491.50.

Intervenors filed a Notice of Appeal on October 4, 2018. On appeal, Intervenors contend, among other things, that the trial court erred (1) when it made an award of attorneys' fees against Intervenors; and (2) when it found Intervenors liable for attorneys' fees unrelated to their involvement in the custody action.

Analysis

I. Statutory Authorization for Attorney Fees

Intervenors first argue that the trial court erred as a matter of law in making an award of Plaintiff's attorneys' fees against Intervenors. Specifically, Intervenors argue that the trial court erred by interpreting Section 50-13.6 of the North Carolina

General Statutes to allow an award of attorney fees against intervening grandparents. We disagree.

We review a trial court's statutory interpretation *de novo*. *Dion v. Batten*, 248 N.C. App. 476, 485, 790 S.E.2d 844, 851 (2016). "Statutory interpretation begins with the plain meaning of the words of the statute." *Id.* at 485, 790 S.E.2d at 851 (citation omitted).

As a general matter, North Carolina law does not permit a trial court to award attorney fees unless such fees are specifically authorized by statute. *Wiggins v. Bright*, 198 N.C. App. 692, 695, 679 S.E.2d 874, 876 (2009). Under Section 50-13.6, in any "action or proceeding for the custody or support" of a minor child, "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit." N.C. Gen. Stat. § 50-13.6 (2019). "Custody" is defined by Section 50-13.1(a) to include "custody or visitation or both" unless the General Assembly's contrary intent is clear from the statutory scheme. N.C. Gen. Stat. § 50-13.1(a) (2019).

Under Section 50-13.2(b1), "[a]n order for custody of a minor child may provide visitation rights for any grandparent of the child as the court, in its discretion, deems appropriate." N.C. Gen. Stat. § 50-13.2(b1) (2019). To qualify for visitation rights under this section, the grandparent must have a substantial relationship with the minor child. N.C. Gen. Stat. § 50-13.2(b1).

Accordingly, under the plain language of this statutory scheme, an action by intervening grandparents for visitation rights under Section 50-13.2(b1) qualifies as an action for "custody" by operation of Section 50-13.1(a).

In *McIntyre v. McIntyre*, our Supreme Court analyzed Section 50-13.2(b1), and its sister sections, to conclude that grandparents have no "right to visitation when the natural parents have legal custody of their children and are living with them as an intact family." *McIntyre v. McIntyre*, 341 N.C. 629, 634, 461 S.E.2d 745, 749 (1995) (citation omitted). Within this context, our Supreme Court determined that "[r]eading [Section] 50-13.1(a) in conjunction with [Section] 50-13.2(b1) . . . strongly suggests that the legislature did not intend 'custody' and 'visitation' to be interpreted as synonymous in the context of grandparents' rights." *Id.* at 634-35, 461 S.E.2d at 749. As a result, our Supreme Court held that the trial court had no jurisdiction to hear a complaint for visitation by grandparents when the parents themselves were not disputing custody. *Id.* at 635, 461 S.E.2d at 750.

However, our Supreme Court's analysis in *McIntyre* did not address Section 50-13.6 and is not controlling in this case. Since *McIntyre*, our Court has had the opportunity to examine whether "custody" and "visitation" are synonymous within the context of awarding attorney fees to an intervening grandparent under Section 50-13.6. *Smith v. Barbour*, 195 N.C. App. 244, 671 S.E.2d 578 (2009).

In *Barbour*, a minor child's grandparents intervened during a custody dispute between parents to secure visitation rights with the minor child. *Id.* at 248, 671 S.E.2d at 581. The trial court ultimately concluded that it was in the best interests of the child for the parents to have joint legal and physical custody and the grandparents to have specified visitation privileges. *Id.* at 248, 671 S.E.2d at 582. The trial court also ordered the minor child's father to pay $40,000.00 of the attorney fees expended by the grandparents in securing visitation. *Id.* at 254, 671 S.E.2d 585.

On appeal, our Court upheld the award to the intervening grandparents under Section 50-13.6. *Id.* at 255, 671 S.E.2d at 586. Accordingly, this Court has determined that an action by intervening grandparents to secure visitation rights qualifies as an "action or proceeding for the custody or support" of a minor child for purposes of Section 50-13.6.

Here, the trial court's order cited our Court's holding in *Barbour* and concluded that "[i]f intervenors can ask for and receive attorney's fees, then they can also pay attorney's fees." We agree. If an action by intervening grandparents to secure visitation rights falls within the scope of Section 50-13.6 as an "action or proceeding for the custody or support, or both, of a minor child" for the purposes of awarding attorney fees to the grandparents, then such an action must also fall within the scope of the statute for the purposes of ordering the grandparents to pay fees. *See id.* at 255, 671 S.E.2d at 586.

Therefore, we conclude that an award of attorney fees could be made against Intervenors under Section 50-13.6 because an action by intervening grandparents for visitation is one for "custody or support" by operation of Section 50-13.1(a). *See* N.C. Gen. Stat. § 50-13.1(a) (defining "custody" to include "custody or visitation or both" unless the General Assembly's contrary intent is clear). As such, the trial court properly concluded that an award of attorneys' fees against grandparents seeking visitation rights was authorized by Section 50-13.6.

II. Amount of Attorneys' Fees Awarded to Plaintiff

Intervenors next contend that the trial court erred as a matter of law when it made Intervenors jointly liable for attorneys' fees that did not arise from Intervenors' claim. We agree that the trial court failed to make some of the reasonableness findings necessary to calculate the award of attorneys' fees against Intervenors. Therefore, we reverse and remand for the trial court to make appropriate factual findings regarding the costs incurred by Plaintiff in defending against Intervenors' visitation claim.

Attorney fees can only be awarded in a custody proceeding where the trial court has made adequate findings of fact that the moving party acted in good faith and had insufficient means to defray the expense of the suit. N.C. Gen. Stat. § 50-13.6; *Cox v. Cox*, 133 N.C. App. 221, 227-28, 515 S.E.2d 61, 66 (1999). Additionally, "[b]ecause [Section] 50-13.6 allows for an award of *reasonable* attorney's fees, cases construing

the statute have in effect annexed an additional requirement concerning reasonableness onto the express statutory ones." *Cobb v. Cobb*, 79 N.C. App. 592, 595, 339 S.E.2d 825, 828 (1986) (emphasis in original) (citation omitted). The record must also contain "additional findings of fact upon which a determination of the requisite reasonableness can be based, such as findings regarding the nature and scope of the legal services rendered, the skill and time required, the attorney's hourly rate, and its reasonableness in comparison with that of other lawyers." *Id.* at 595-96, 339 S.E.2d at 828 (citations omitted). "Whether these statutory requirements are met is a question of law, reviewable on appeal." *Cox*, 133 N.C. App. at 228, 515 S.E.2d at 66 (citations omitted). This Court reviews questions of law *de novo*. *Green v. Green*, 255 N.C. App. 719, 724, 806 S.E.2d 45, 49 (2017).

In the instant case, the trial court's findings support Plaintiff's good faith and that Plaintiff had insufficient means to defray the expense of this heavily litigated child custody dispute. The trial court also made extensive findings concerning the nature of the legal services rendered, the hourly rates of Plaintiff's attorneys, and the reasonableness of those rates. However, the trial court failed to make the findings of fact necessary for a determination regarding what amount of Plaintiff's attorneys' fees were reasonably incurred as the result of litigation by Intervenors, as opposed to litigation by Defendant.

Despite Intervenors arguing in opposition to the award that they should not be held responsible for those fees unrelated to their claim for visitation, the trial court failed to make those findings required by our precedent concerning (1) the scope of legal services rendered by Plaintiff's attorneys in defending against Intervenors' visitation claim, or (2) the time required of Plaintiff's attorneys in defending against that claim. Rather, the trial court's findings broadly relate to Plaintiff's attorneys' fees associated with the entire action—including those claims brought by Defendant, to which Intervenors were not parties.

Plaintiff has cited no authority, and we are aware of none, holding that intervenors may be held liable for attorneys' fees incurred as the result of claims or defenses they did not assert simply because they paid the opposing party's attorney fees.

Because the trial court failed to make the requisite reasonableness findings to make an award of attorneys' fees against Intervenors under Section 50-13.6, we must reverse and remand for additional findings of fact. *See Cobb*, 79 N.C. App. at 595-96, 339 S.E.2d at 828.

## Conclusion

For the reasons stated herein, the trial court was statutorily authorized to make an award of attorneys' fees against Intervenors. However, we reverse and

remand for additional findings concerning the reasonableness of a fee award against Intervenors.

REVERSED AND REMANDED.

Chief Judge McGEE and Judge INMAN concur.